# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | § | |
| Evette Nicole Reed, | § | Case No. 14-44818-705 |
| Debtor. | § | |
| In re: | § | |
| Pauline A. Brady, | § | Case No. 14-44909-705 |
| Debtor. | § | |
| In re: | § | |
| Lawanda Lanae Long, | § | Case No. 14-45773-705 |
| Debtor. | § | |
| In re: | § | |
| Marshall Beard, | § | Case No. 14-43751-705 |
| Debtor. | § | |
| In re: | § | |
| Darrell Moore, | § | Case No. 14-44434-705 |
| Debtor. | § | |
| In re: | § | |
| Nina Lynne Logan, | § | Case No. 14-44329-705 |
| Debtor. | § | |
| In re: | § | |
| Jovon Neosha Stewart, | § | Case No. 14-43912-705 |
| Debtor. | § | |
| In re: | § | |
| Angelique Renee Shields, | § | Case No. 14-43914-705 |
| Debtor. | § | |

1

**ADDITIONAL ORDER DIRECTING (I) JAMES ROBINSON TO SHOW CAUSE AS TO WHY HIS FEES SHOULD NOT BE DISGORGED UNDER § 329(b), AND (II) THE CHAPTER 7 TRUSTEE TO PROVIDE INFORMATION RELATED TO FEES**

On November 26, 2014, in the first six of the above-captioned eight cases (the "First Six Cases"), the Court entered an Order Directing (I) James Robinson to Show Cause as to Why His Fees Should Not Be Disgorged Under § 329(b), and (II) the Chapter 7 Trustee to Provide Information Related to Fees (the "Original Order"). Since the entry of the Original Order, the Court has discovered two additional cases (the "Additional Two Cases")[1] that also are properly the subject of the show-cause inquiry.

In the Original Order, the Court gave notice to Mr. Robinson—an attorney suspended from the privilege of practicing before this Court[2]—that he is required to show cause as to why fees that he collected in the First Six Cases prior to being suspended on June 10, 2014 should not be ordered disgorged to the estate pursuant to § 329(b) as being unearned. Documents filed in the First Six Cases show that Mr. Robinson collected fees from clients prior to his suspension, but that Mr. Ross Briggs—an attorney with a long-time professional affiliation with Mr. Robinson's "firm," Critique Services L.L.C.—filed those clients' cases and represented those clients after Mr. Robinson's suspension. That is, the records in the First Six Cases indicate that Mr. Briggs rendered the majority, if not all, of the services.[3] And Mr. Briggs cannot "earn" Mr. Robinson's fees for him.

In the Additional Two Cases, Mr. Robinson collected fees from clients prior to his suspension, but—unlike in the First Six Cases—Mr. Robinson filed

---

[1] The Additional Two Cases are *In re Stewart* and *In re Shields*, as listed above in the caption.

[2] Mr. Robinson was suspended from the privilege of practicing before the U.S. Bankruptcy Court for the Eastern District of Missouri for contempt and abuse in the Memorandum and Order (as amended) in *In re Latoya Steward*, Case No. 13-46399-705. Currently, Mr. Robinson remains suspended.

[3] Mr. Briggs has represented to the Court that he accepted representation of Mr. Robinson's clients without charge and without a fee-sharing agreement.

2

the clients' cases before his suspension. However, in the Additional Two Cases, Mr. Robinson appears to have failed to render all required services prior to his suspension. For example, the dockets show that the statutorily required § 341 meetings of creditors were conducted on June 17, 2014—after Mr. Robinson's suspension. As such, Mr. Robinson could not have represented his clients at this critical meeting.[4] Thus, it appears that at least a portion of the fees paid to Mr. Robinson in connection with the Additional Two Cases may not have been earned by Mr. Robinson and may be subject to disgorgement to the estate pursuant to § 329(b).

Accordingly, the Court requires an accounting of the fees collected by Mr. Robinson in the Additional Two Cases, and **ORDERS** that:

(i)  Mr. Robinson show cause as to why the Court should not order at least partial disgorgement of the fees collected in the Additional Two Cases, by credibly accounting for how he earned his fees post-suspension;

(ii) the chapter 7 trustee address the following:

   (a)  to whom, specifically, the fees were paid;

   (b)  where the fees were held following payment, including whether such fees were held in a client trust account;

   (c)  where the fees are held today; and

   (d)  whether any of those fees have been disbursed to Mr. Robinson, any attorney affiliated or otherwise associated with (formally or informally) Critique Services L.L.C. or any permutation of Critique Services L.L.C., to any employee, officer, or owner of Critique Services L.L.C., or to any other person.

(iii) this matter be set for hearing at the Thomas F. Eagleton U.S. Courthouse, 111 S. Tenth St., Floor 7, Courtroom South, St. Louis, Missouri, on **January 21, 2015, at 10:00 A.M.**

---

[4] According to the Court's records, the debtors in the Additional Two Cases had no non-suspended counsel of record as of the date of their § 341 meetings. Mr. Briggs did not first appear on behalf of the debtors until more than a month later.

3

While the Court would welcome Mr. Robinson now voluntarily providing to the chapter 7 trustee any portion of any fees in any case that were paid to him but which he did not earn, doing so will not make this inquiry moot.  The Court still would require the above-listed issues to be addressed. The fact that Mr. Robinson apparently has not returned any unearned fees raises the concern of whether there has been attempted impropriety in these Cases related to the attorney's fees paid by the debtor.

Nothing herein requires the disclosure of an attorney-client confidential information or attorney work product.  Nothing herein prevents any party from filing a motion for protective order related to the protected disclosure of any information, if cause exists for sealing or other such protection. Nothing herein requires that Mr. Robinson waive his rights under the Fifth Amendment of the U.S. Constitution or any similar right under state law. The United States Trustee is invited to participate in the process of addressing these issues.


DATED: December 2, 2014
St. Louis, Missouri 63102
mtc

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge


Copy Mailed To:

**Ross H. Briggs**
Post Office Box 58628
St. Louis, MO 63158

**James Clifton Robinson**
Critique Services 3919 Washington Blvd.
St. Louis, MO 63108

**David A. Sosne** Summers Compton Wells LLC
8909 Ladue Rd.
St. Louis, MO 63124

4

**E. Rebecca Case**
7733 Forsyth Blvd. Suite 500
Saint Louis, MO 63105


**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102

5