## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| In re: | § | |
|---|---|---|
| Evette Nicole Reed, | § | Case No. 14-44818-705 |
| Debtor. | § | |
| In re: | § | |
| Pauline A. Brady, | § | Case No. 14-44909-705 |
| Debtor. | § | |
| In re: | § | |
| Lawanda Lanae Long, | § | Case No. 14-45773-705 |
| Debtor. | § | |
| In re: | § | |
| Marshall Beard, | § | Case No. 14-43751-705 |
| Debtor. | § | |
| In re: | § | |
| Darrell Moore, | § | Case No. 14-44434-705 |
| Debtor. | § | |
| In re: | § | |
| Nina Lynne Logan, | § | Case No. 14-44329-705 |
| Debtor. | § | |

**ORDER DIRECTING (I) JAMES ROBINSON TO SHOW CAUSE AS TO WHY HIS FEES SHOULD NOT BE DISGORGED UNDER § 329(b), AND (II) THE CHAPTER 7 TRUSTEE TO PROVIDE INFORMATION RELATED TO FEES**

On June 10, 2014, Mr. James Robinson, an attorney, was suspended from the privilege of practicing before the U.S. Bankruptcy Court for the Eastern District of Missouri for contempt and abuse in the Memorandum and Order (as amended) entered in *In re Latoya Steward*, Case No. 13-46399-705. Currently, Mr. Robinson remains suspended.

1



Shortly after Mr. Robinson's suspension, Mr. Ross Briggs—an attorney with a long professional relationship Mr. Robinson's "firm," Critique Services L.L.C.—began filing Notices of Appearance in bankruptcy cases that had been filed by Mr. Robinson prior to his suspension. In these Notices of Appearance, Mr. Briggs represented that he would serve as co-counsel with Mr. Robinson—despite the fact that a suspended attorney cannot serve in a co-counsel capacity. In response, the Court ordered these Notices of Appearance be stricken.

Contemporaneously, Mr. Briggs also began filing Rule 2016(b) attorney compensation disclosure statements ("Rule 2016(b) Statements") in cases that had been filed by Mr. Robinson prior to his suspension. In these Rule 2016(b) Statements, Mr. Briggs represented that he would provide "joint representation" and fee-share with Mr. Robinson—despite the fact that a suspended attorney cannot provide joint representation or earn fees to share. In response, the Court entered a June 25, 2014 order in *In re Tamika Ecole Henry* (Case No. 14-44922) and seventeen other cases, striking each such Rule 2016 Statement and directing Mr. Briggs to file in each such case a non-misleading Rule 2016 Statement and an affidavit attesting to the fact that the debtor had been notified of Mr. Robinson's suspension. In addition, the *In re Henry, et al.* order provided that (emphasis added):

> before the [c]ase is closed, Mr. Briggs file an affidavit attesting to the amount of fees returned by Mr. Robinson to each Debtor. Such affidavit shall be accompanied by a receipt of returned fees, signed by the receiving Debtor and reflecting the date upon which the fees were received by the Debtor. *Nothing herein shall limit or prevent the Court from ordering Mr. Robinson to show cause as to why any portion of the fees that were paid to him by any Debtor were not returned to such Debtor if unearned.*

Mr. Briggs never complied by filing an affidavit attesting to the fees returned.

Further, in addition to filing Notices of Appearance and Rule 2016(b) Statements in cases that were pending at the time of Mr. Robinson's suspension, Mr. Briggs also began filing bankruptcy cases for debtors who had paid Mr. Robinson before his suspension, but whose cases were not filed prior to the suspension. In the Rule 2016(b) Statements filed in those new cases, Mr. Briggs

2

represented that he was providing his services without charge and without a fee-sharing arrangement. Line 9 of the Statement of Financial Affairs filed in those cases discloses that the debtor paid attorney's fees to Mr. Robinson prior to Mr. Robinson's suspension—although there is no representation as to what happened to those fees. The above-captioned cases in which this instant Order is entered (each, a "Case"; collectively, the "Cases") are examples of those post-suspension new cases filed by Mr. Briggs.

Under Bankruptcy Code § 329(b), unearned fees may be subject to disgorgement to the estate.[1] After June 10, 2014, Mr. Robinson could not have (without violating his suspension) prepared or filed the petition papers, counseled the debtor during the course of her case, or represented the debtor in any capacity. The terms of the suspension are clear on this. Moreover, the fact that Mr. Robinson's former clients are represented post-suspension by Mr. Briggs does not allow Mr. Robinson to keep fees that he did not personally earn post-suspension. Mr. Briggs cannot "earn" Mr. Robinson's fees for him and Mr. Briggs's representation of Mr. Robinson's former clients does not provide an end-run around the effects of Mr. Robinson's suspension. Attorneys are not fungible and attorney's fees cannot be earned by proxy. Given this, it appears that a significant portion, if not all, of Mr. Robinson's fees in the Cases (but without limitation to these Cases alone) are unearned. Accordingly, the Court requires a full accounting of these attorney's fees, as it appears that such fees may be subject to disgorgement to the estate.

Therefore, the Court **ORDERS** that:

(i) Mr. Robinson show cause as to why the Court should not order disgorgement, by credibly accounting for how he earned the fees;

(ii) the chapter 7 trustee address the following:

---

[1] Section 329 "[I]f such [attorney's] compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to . . . the estate, if the property transferred . . . would have been property of the estate." Unearned fees, by definition, exceed the reasonable value of the services. Services that are not provided are valued at $0.

3

  (a)  to whom, specifically, the fees for were paid;

  (b)  where the fees were held following payment, including whether such fees were held in a client trust account;

  (c)  where the fees are held today; and

  (d)  whether any of those fees have been disbursed to Mr. Robinson, any attorney affiliated or otherwise associated with (formally or informally) Critique Services L.L.C. or any permutation of Critique Services L.L.C., to any employee, officer, or owner of Critique Services L.L.C., or to any other person.

(iii) this matter be set forth hearing at the Thomas F. Eagleton U.S. Courthouse, 111 S. Tenth St., Floor 7, Courtroom South, St. Louis, Missouri, on **January 21, 2015, at 10:00 A.M.**

While the Court would welcome Mr. Robinson now voluntarily providing to the chapter 7 trustee any portion of any fees in any case that were paid to him but which he did not earn, doing so will not make this inquiry moot. The Court still would require the above-listed issues to be addressed. The fact that Mr. Robinson apparently has not returned any unearned fees raises the concern of whether there has been attempted impropriety in these Cases related to the attorney's fees paid by the debtor.

Nothing herein requires the disclosure of an attorney-client confidential information or attorney work product. Nothing herein prevents any party from filing a motion for protective order related to the protected disclosure of any information, if cause exists for sealing or other such protection. Nothing herein requires that Mr. Robinson waive his rights under the Fifth Amendment of the U.S. Constitution or any similar right under state law. The United States Trustee is invited to participate in the process of addressing these issues.

DATED: November 26, 2014
St. Louis, Missouri 63102
mtc

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

4

Copy Mailed To:

**Ross H. Briggs**
Post Office Box 58628
St. Louis, MO 63158

**James Clifton Robinson**
Critique Services
3919 Washington Blvd.
St. Louis, MO 63108

**David A. Sosne**
Summers Compton Wells LLC
8909 Ladue Rd.
St. Louis, MO 63124

**E. Rebecca Case**
7733 Forsyth Blvd.
Suite 500
Saint Louis, MO 63105

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102