## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

In:
Evette Reed            )
    Debtor(s)         ) Case No.: 14-44818-705
                                     )             Chapter 7
                                     )

### ROSS H. BRIGGS'S RESPONSE TO MOTION TO COMPEL OF THE TRUSTEE

    Comes Now Ross H. Briggs, Attorney for the Debtor, and responds to the Motion To Compel of the Trustee.

### Background

    Shortly after June 10, 2014, I learned that James C. Robinson, Attorney At Law, had been suspended from practicing before that Bankruptcy Court. I further learned, by reason of the imposition of such suspension, hundreds of Mr. Robinson's Chapter 7 and Chapter 13 clients in active files were effectively without legal representation. I further learned from review of the orders of suspensions, and other information provided to me, that neither the Bankruptcy Court, the Office of the United States Trustee nor any other law firm had made provision for the protection of the legal rights of Mr. Robinson's former clients after his suspension.

    Based upon my years of experience in the Bankruptcy Court, having filed many thousands of prior Chapter 7 and 13 bankruptcies, I concluded that the foregoing circumstances presented a great risk of possible harm to Mr. Robinson's former clients which included but was not limited to: the possible loss of homes and vehicles by said clients if subject to the filing of motions for relief by creditors; the possible dismissal of a case for failure to comply with the Bankruptcy Code; and, the possible revocation of an Order of Discharge upon failing to comply with the Bankruptcy Code or lawful requests of the Trustee. I considered the situation to be an emergency which required me to be ethically bound to offer my legal services to Mr. Robinson's former clients to the greatest extent possible.

    Accordingly, I offered my services to approximately two hundred of Mr. Robinson's former Chapter 7 and 13 clients. For each Chapter 7 client in which I have been retained, including this case, my services have been provided free of charge. In each such Chapter 7 case, including this one, a 2016b has been filed which discloses the pro bono nature of my representation. I have not received nor shared, and will not receive nor share, any fee in this case from any person.

    For each Chapter 13 client, I have requested to be paid a fee for legal representation from the Chapter 13 Trustee. These requests have been submitted to the Honorable Barry S. Schermer and the Honorable Kathy Surratt-States and are the subject of various orders

entered by said judges. I have been paid attorney's fees for the Chapter 13 representation exclusively from Trustee John V. LaBarge, Jr. and I have not received a fee directly from Mr. Robinson or a debtor in these Chapter 13 cases.

### The Correspondence from the Panel Trustees

On, or shortly after December 3, 2014, I received correspondence from the panel Trustees. Ex. 3. I responded on December 8, 2014. Ex 4.

In said response, I noted that I was not, as asserted in Ex. 3, a Managing Agent for Critique Legal Services and did not possess any documents of that entity. I further noted that the orders attached to Ex. 3 were directed to Mr. Robinson and not to me. Finally, I stated that I did not possess any documents that were encompassed in the requests directed to Mr. Robinson.

### The Panel Trustees' Motion To Compel

Notwithstanding the foregoing response, The Panel Trustees filed their Motion To Compel on December 12, 2014. At paragraph 23, the Trustee incorrectly asserts that my response was "not fully responsive…" In fact, I possessed no document which was encompassed within any request and my response to the Trustees unequivocally states as much.

The Panel Trustee further asserts that "Ross H. Briggs..[has failed] to turn over Information and Documents..". The Trustee is incorrect. Because I do not possess any requested documents, I cannot turn over non-existent documents. Moreover, since I have never received nor shared in a fee in this case, there exists no "check, ledger trust account or account statement…" in my possession which pertains to a fee paid by the debtor in this case. Further, I possesses no document (other than the documents in the court file) which pertain to a fee paid by debtor to Mr. Robinson. Finally, I am not and have never been a Managing Agent for Critique Legal Services and do not possess any documents of that entity.

My inability to turn over non-existent documents should not be construed as a refusal to cooperate with the panel Trustee in this case. I have and will continue to cooperate with the lawful requests of the Trustee in this case and this response should not be read otherwise.

WHEREFORE, for the foregoing reasons, the Motion To Compel of the Trusee should be overruled.

*/s/Ross Briggs #2709 #31633*

Ross Briggs
Attorney at Law
4144 Lindell Ste. 202

St Louis MO 63108
314-852-8293 Fax: 314-652-8202
r-briggs@sbcglobal.net

**CERTIFICATE OF SERVICE:**

By my signature above it is certified that a copy of the above was served by ECF system and/or by First Class Mail, this 13th day of December, 2014 upon the Chapter 7 Trustee.

/s/ Ross H. Briggs