**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Evette Nicole Reed, | ) | Case No. 14-44818-705 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| Pauline A. Brady, | ) | Case No. 14-44909-705 |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| Lawanda Lanae Long, | ) | Case No. 14-45773-705 |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| Marshall Beard, | ) | Case No. 14-43751-705 |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| Darrell Moore, | ) | Case No. 14-44434-705 |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| Nina Lynne Logan, | ) | Case No. 14-44329-705 |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| Jovon Neosha Stewart, | ) | Case No. 14-43912-705 |
| | ) | |
| Debtor | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| Angelique Renee Shields, | ) | Case No. 14-43914-705 |
| | ) | |
| Debtor | ) | |

**CRITIQUE SERVICES, LLC'S MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION BECAUSE OF MOOTNESS**

COMES NOW Critique Services, LLC and for its Motion to Dismiss all eight of the above-captioned Proceedings to Disgorge attorney fees states as follows:[1]

1. On or about November 26, 2014 this bankruptcy Court initiated Proceedings to Disgorge fees against attorney James Robinson in the first six of the above-captioned cases pertaining to Debtors Reed, Brady, Long, Beard, Moore and Logan. On December 2, 2014 this Court initiated similar Proceedings against attorney Robinson in the cases of Debtors Stewart and Shields. It has proceeded in all eight cases through joint orders and hearings. All eight Debtors filed under Chapter 7 of the Bankruptcy Code.

2. Pursuant to the Court's Show Cause Order as to why fees should be disgorged, this Court then ordered the Trustees of these Debtors to seek information from the attorneys Robinson and Briggs under the Proceedings the Court initiated. In the Show Cause Orders the Court has sought documents relating to the business practices of attorney Robinson and to matters beyond seeking the return of legal fees paid by each Debtor to attorney Robinson.

3. In the case of Debtor Reed the Trustee is Seth Albin; in the case of Debtor Brady the Trustee is Rebecca Case; in the case of Debtor Long the Trustee is David Sosne; in the case of Debtor Beard the Trustee is Robert Blackwell; in the case of Debtor Moore the Trustee is Kristin Conwell; in the case of Debtor Logan the Trustee is Thomas D'Loughlin; in the case of Debtor Stewart the Trustee is David Sosne; and in the case of Debtor Shields the Trustee is

---

[1] Even though the facts of each individual Debtor's bankruptcy as relates to the Proceedings to disgorge may be somewhat different, this Motion to Dismiss is common to all of them because of the common factual predicate showing that no controversy continues to exist in each of them. The legal arguments are the same for each. This Motion and the supporting memorandum will be filed in each of these eight cases.

David Sosne.

4. Each of these Debtors received his/her discharge prior to the initiation of any of these Proceedings to Disgorge. Debtor Reed was discharged on September 16, 2014; Debtor Brady was discharged on September 17 2014; Debtor Long was discharged on October 21, 2014; Debtor Beard was discharged on July 30, 2014; Debtor Moore was discharged on September 3, 2014; Debtor Logan was discharged on September 2, 2014; Debtor Stewart was discharged on August 19, 2014; and Debtor Shields was discharged on August 19, 2014.

5. In the case of each of these Debtors, Respondent Robinson returned the fees that they paid. See documents pertaining to each Debtor in Exhibits A (Debtor Reed), B (Debtor Brady), C (Debtor Long), D (Debtor Beard), E (Debtor Moore), F (Debtor Logan), G (Debtor Stewart), and H (Debtor Shields). All exhibits are attached hereto and incorporated herein by reference.[2]

6. In the case of each Debtor represented by attorney Ross Briggs after attorney Robinson's suspension (all except Debtors Moore and Logan), attorney Briggs filed the necessary Amended Schedules to show receipt of the amounts of the fees refunded by attorney Robinson and to list the returned amounts as exempt property. See Exhibits A,B,C,D,G and H.

7. In the case of Debtors Moore and Logan, their originally filed schedules show that the repaid fees would also belong to the Debtors because they come within the allowed exemptions for these Debtors. These Debtors, Moore and Logan, had not exhausted their exemptions prior to having their fees repaid to them. Even with the repayment of the fees, their

---

[2] In each Exhibit A-H are documents relating to each of the respective Debtors which show that they had been repaid their fees and that their fees were part of the exemptions for each of their bankruptcy estates.

exemptions would not be exhausted. See Exhibits E and F. These Debtors, Moore and Logan, did not have an attorney assist them to complete their bankruptcies and to receive a discharge after attorney Robinson had been suspended from the practice before the Bankruptcy Court.

8. No Chapter 7 Trustee for any of the eight individual Debtors has sought to recoup from the Debtor the fee repaid to each Debtor by attorney Robinson for the Debtors' respective bankruptcy estates.

9. It was not until this Court's Order of January 23, 2015 that Critique Services, LLC was brought into these Proceedings to produce documents which it has since informed the Court that it does not have. Attorney Robinson has confirmed that no portion of any fee went to Critique Services, LLC. The Court has acknowledged that Critique Services, LLC is not the same as Critique Legal Services, LLC, a limited liability company that was dissolved in 2003.

10. Under the authority of 11 U.S.C. §329, a court may grant the disgorgement of a fee that is determined unreasonable and excessive or for which an attorney failed to disclose the fee in accordance with §329 and Bankruptcy Rule 2016. The relief that can be granted under a Motion or Proceeding to Disgorge a fee is limited to the entirety of the fee paid and no more. By the explicit terms of this statute, a court has no authority to order any relief other than the full disgorgement of the fee.

11. Attorney Robinson has disgorged the fees and provided the full relief to which each of the eight above-named Debtors might be entitled by returning to each of them the fee each paid. There is no relief available for attorney Robinson failing to return the fee earlier than he did.

12. Although 11 U.S.C. §105(a) gives bankruptcy courts authority as courts of equity to do what is necessary to effectuate explicit provisions of the Bankruptcy Code, it does not give

a bankruptcy court authority to craft what it determines in its judgment are equitable solutions to problems in bankruptcy that are not provided for under the Bankruptcy Code.  Section 105(a) does not give the bankruptcy court authority to act where the Bankruptcy Code does not explicitly provide authority for such action.  It does not give the bankruptcy court the authority to write "new provisions" into the Bankruptcy Code that it determines are just in an individual case, but which have no basis in provisions of the Bankruptcy Code.

13.    With the repayment of the fees to each of the eight individual Debtors, there remains no case or controversy under the Proceedings to Disgorge fees for this Bankruptcy Court to adjudicate.  Therefore, these eight cases are moot.

14.    This Bankruptcy Court has no further jurisdiction to proceed under these eight Proceedings to Disgorge to investigate how attorneys Robinson and/or Briggs administer their individual offices or their relationship to Critique Services, LLC or to pursue any remedies that these individual Debtors, themselves, do not bring for failure of either attorney to act in a more timely manner.[3]

WHEREFORE, Respondent Critique Services, LLC prays that this Honorable Court dismiss the Proceedings to Disgorge in the eight above-captioned cases for lack of jurisdiction to proceed further and grant such other and further relief as the Court deems just under the circumstances herein.

---

[3] Such actions, if they were to be brought, are akin to a legal malpractice claim that each Debtor might have against either attorney, but for which there is no authority under a Proceeding to Disgorge.

          Respectfully submitted,

/s/  Laurence D. Mass
Laurence D. Mass            #30977
Attorney for Critique Services, LLC
230 So. Bemiston Ave., Suite 1200
Clayton, Missouri 63105
Telephone: (314) 862-3333 ext. 20
Facsimile:  (314) 862-0605
Email:          laurencedmass@att.net

**CERTIFICATE OF SERVICE**

     By signature above I hereby certify that I electronically filed the foregoing with the Clerk of the United States District Court, Eastern District of Missouri by using the CM/ECF system, and that a copy will be served by the CM/ECF system upon those parties indicated by the CM/ECF system.  An additional copy has been served by email to Mr. Paul Randolph, U.S. Trustee (Paul.A.Randolph@usdoj.gov) and Ms. Kristen Conwell (Kconwell@conwellfirm.com).

          By: /s/  Laurence D. Mass