## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

In:
Evette Reed          )
  Debtor(s)          )    Case No.: 14-44818-705
                   )    Chapter 13
                   )
                   )
                   )
                   )
                   )

### AFFIDAVIT OF DEBTOR EVETTE REED

Comes Now Debtor Evette Reed, and upon her oath states:

1.     I am the Debtor in this cause.

2.     On or about February 10, 2014, I retained James C. Robinson, dba Critique Services, to file a Chapter 7 bankruptcy on my behalf. Exhibit 1, attached to this Affidavit, is a true and accurate copy of the Retainer Agreement which I executed on February 10, 2014 to retain the legal services of Attorney Robinson.

3. I paid Attorney Robinson $299 to represent me in my Chapter 7 bankruptcy. Exhibit 2, attached to this Affidavit, is a true and accurate copy of the receipt that I received for the cash payment of $299 that I made to retain the legal services of Attorney Robinson. I made this payment to an African-American women whose name I believe is Bey.

4. I have no knowledge about where my cash payment of $299 was held, deposited or disbursed after making this payment.

5. I have no knowledge of or access to the checks, accounts or ledgers of Attorney Robinson or Critique Services.

6. I understand that I am required to provide my notarized affidavit to the Trustee by noon, January 20. Because January 19 is a holiday, I request that I be given additional time to find a notary and supplement this Affidavit with my notarized signature as soon as possible after January 20.

Dated: 1/17/15              _Evette Reed_ (signature)
                              Evette Reed

EXHIBIT
A

# RETAINER AGREEMENT

This Agreement is made and entered into by and between James C. Robinson, Attorney
d/b/a Critique Services, herein "Attorney" and _Earle Re___ herein "Client".

Client hereby retains and employs Attorney for the fee of:

___ Int. $299.00 Single Petition    or    ___ Int. $349.00 for Joint Petition

By agreement with the Client, the above agreement includes the following services:

Analysis of financial situation and rendering of advice in determining filing of Bankruptcy
Petition;
Preparation and filing of bankruptcy petition, schedules and statement of financial affairs that
may be required;
Representation of the Client at the first scheduled 341 hearing and /or meeting of creditors.

By agreement with the Client, the above agreement does not include the following services:
Representation of Client in any discharge ability actions, judicial liens avoidances, relief from
stay actions, stipulation agreement and any other adversary proceeding.
Preparation and filing of reaffirmation agreements and motions.
Representation of the Client in any contested matters involving a redemption.
Revising and updating of credit report data.
Appearance at continued 341 hearing, amendments to petition, additional copies of petition,
letters to creditors and/or credit bureau, faxes to creditors, garnishment recovery.

Client agrees to review the petition and all documents for accuracy prior to the filing of the
petition and assume all responsibility for error or omission after this point.
Client does understand that the bankruptcy petition cannot and will not be filed without all
necessary and/or requested information.
Client does understand that it is necessary to complete a credit counseling course prior to the
filing of the case and a financial management course within 45 days of the meeting of creditor
hearing or discharge will be withheld, (additional fees apply)
Client understands that if their case is closed without discharge there is a $310.00 fee to reopen
said case.
Client understands there will be no refunds issued after the signing of this agreement and court
filing fee and all missing information listed on the attorney request form must be receive within
90 days of the initial consultation or your processing fees will be forfeited..

Client(s) affirms that her and/or she has read, understands and agrees to this agreement.

Client Signature                          Client Signature

Date                                      Date


Ex. 1

date  2 / 10 / 14                    No.  619162

received from  Evette Reed

amount  Two Hundred Ninety Nine                    dollars

for payment of  Attorney Fee

(X) cash      ◯ money order      ◯ credit card      ◯ check #

amount paid  299      from                    to

signature  J. Roy

Ex. 2

**us bank**

**PERSONAL MONEY ORDER**          No.

DATE: DECEMBER

TWO HUNDRED NINETY NINE DOLLARS AND 00 CENTS

Pay to the
order of: _Evette Reid_

$ 299.00

NOT IN EXCESS OF $1000.00

Location:   8394 Lindell Boulevard

U.S. Bank National Association

NAME   _Tomio Robinson_

ADDRESS

0 2 1 5               5 6 7 9

# usbank

## PERSONAL MONEY ORDER

No. ▓▓▓▓215

DATE: DECEMBER 06, 201▓

TWO HUNDRED NINETY NINE DOLLARS AND 00 CENTS

Pay to the
order of: *Evetta Reed*

$ 299.00

VOID IN EXCESS OF $1000.00

Purchaser, by signing, you agree to the service charge and other terms on the reverse side.

Location:  8394 Lindell Boulevard

U.S. Bank National Association
Minneapolis, MN 55480

NAME  *Tonia Robinson*

ADDRESS  *3919 Washington*

⑊0215⑊   5⑊790⑊

No. 6191.62

date 2 / 10 / 14

received from Evette Reed

amount Two Hundred Ninety Nine _____ dollars $ 299

for payment of Attorney Fee

( X ) cash    ( ) money order    ( ) credit card    ( ) check # _____

| amount due | 299 | |
| amount paid | 299 | |
| balance | | |

from _____ to _____

signature J. Ray

8BSWS

B6B (Official Form 6B) (12/07)

In re    **Evette Nicole Reed**                                     Case No. __14-44818-705__
                          Debtor                          ,

## SCHEDULE B - PERSONAL PROPERTY - AMENDED

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | | | |
| 6. Wearing apparel. | | | | |
| 7. Furs and jewelry. | | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | | | |
| 10. Annuities. Itemize and name each issuer. | | | | |

Sub-Total >          0.00
(Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Evette Nicole Reed**                                              Case No.  __14-44818-705__
                                     Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | | | | |
| 16. Accounts receivable. | | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | | | |

Sub-Total >          0.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Evette Nicole Reed**                                    Case No.   14-44818-705
_____
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | | | |
| 26. Boats, motors, and accessories. | | | | |
| 27. Aircraft and accessories. | | | | |
| 28. Office equipment, furnishings, and supplies. | | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | | | |
| 30. Inventory. | | | | |
| 31. Animals. | | | | |
| 32. Crops - growing or harvested. Give particulars. | | | | |
| 33. Farming equipment and implements. | | | | |
| 34. Farm supplies, chemicals, and feed. | | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Right to disgorgement of attorney fees from James Robinson** | - | 299.00 |

|  | Sub-Total >  | 299.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 299.00 |

Sheet __2__ of __2__ continuation sheets attached          (Report also on Summary of Schedules)
to the Schedule of Personal Property

B6C (Official Form 6C) (4/13)

In re    **Evette Nicole Reed**                                                    Case No.    14-44818-705
                                        Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $155,675. *(Amount subject to adjustment on 4-1-16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                      *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| <u>Other Personal Property of Any Kind Not Already Listed</u> | | | |
| **Right to disgorgement of attorney fees from James Robinson** | RSMo § 513.430.1(3) | **299.00** | **299.00** |

|  | Total: | 299.00 | 299.00 |
|---|---|---|---|

<u>   0   </u>  continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Eastern District of Missouri

| In re | **Evette Nicole Reed** | | | Case No. | **14-44818-705** |
|---|---|---|---|---|---|
| | | | Debtor(s) | Chapter | **7** |

## DECLARATION CONCERNING DEBTOR'S SCHEDULES - AMENDED

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __16__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **December 6, 2014**     Signature **/s/ Evette Nicole Reed**

**Evette Nicole Reed**
Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                                  Best Case Bankruptcy

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Eastern District of Missouri

In re    **Evette Nicole Reed**                                                    Case No.    **14-44818-705**
_____                        _____
                                    Debtor(s)                                    Chapter        **7**

## STATEMENT OF FINANCIAL AFFAIRS - AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
■      State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

---

**2. Income other than from employment or operation of business**

None
■      State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

---

B7 (Official Form 7) (04/13)
2

---

### 3. Payments to creditors

**None**
☑    *Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

**None**
☑    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF<br>PAYMENTS/<br>TRANSFERS | AMOUNT<br>PAID OR<br>VALUE OF<br>TRANSFERS | AMOUNT STILL<br>OWING |
|---|---|---|---|

**None**
☑    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND<br>RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

**None**
☑    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF<br>PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|

**None**
☑    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE<br>BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF<br>PROPERTY |
|---|---|---|

---

\* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

### 5. Repossessions, foreclosures and returns

None ■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None ■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None ■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None ☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **James Robinson**<br>**dba Critique Services**<br>**3919 Washington**<br>**Saint Louis, MO 63108** | **2/10/14**<br>**12/6/14** | **$299**<br>**$299 refund for attorney fee paid 2/10/14** |

B7 (Official Form 7) (04/13)
4

---

### 10. Other transfers

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

### 11. Closed financial accounts

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

### 14. Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

B7 (Official Form 7) (04/13)
5

---

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

---

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None ■
   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

   *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

   *If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ■
   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

   *(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ■
   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None ■
   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ■
   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ■
   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

B7 (Official Form 7) (04/13)
7

---

**20. Inventories**

None
■
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None
■
b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
■
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22 . Former partners, officers, directors and shareholders**

None
■
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None
■
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

B7 (Official Form 7) (04/13)

8

**25. Pension Funds.**

None    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an
■      employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                       TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct.

Date   **December 6, 2014**                Signature   **/s/ Evette Nicole Reed**
                                                  **Evette Nicole Reed**
                                                  Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*



**Ross H. Briggs**                                            **Attorney at Law**

4144 Lindell Blvd. # 202
St. Louis, MO 63108
(Ph.) 314-652-8922
(Fax ) 314-652-8202

12/8/14

## MEMORANDUM

Re:  Evette Reed
Chapter 13
Case No. 14-44818

Amended Schedule B and C filed to schedule and exempt refund of fee.

_Ross  Briggs #2709  #31633_

Ross Briggs
Attorney at Law
4144 Lindell Ste 202
St Louis MO 63108
314-852-8293 Fax: 314-652-8202
r-briggs@sbcglobal.net

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

In Re:   Evette Nicole Reed )       Case No. 14-44818-705
)       Chapter 7 Proceeding
)
)

**AFFIDAVIT OF ROSS H. BRIGGS IN COMPLIANCE WITH ORDER OF COURT**

Comes Now Ross H. Briggs, upon his oath and in compliance with the Order of this Court of June 25, 2014, states: On December 6, 2014, Debtor Evette Nicole Reed received $299 in fees from James Robinson. Attached hereto as Exhibit 1 is a copy of the returned fees and Exhibit 2 are the executed documents of Debtor Evette Nicole Reed acknowledging the receipt of such funds.

Date: 1-12-15

_____
Ross H. Briggs

Subscribed and sworn to before me this _12 TH_ day of _January_ , 20 _15_

_____
Notary Public

FRANK C. SMITH, JR.
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 14855858
My Commission Expires May 02, 2018

**usbank**   PERSONAL MONEY ORDER   No. ████████5

DATE: DECEMBER 08, 201█

TWO HUNDRED NINETY NINE DOLLARS AND 00 CENTS

$ 299.00

Pay to the order of: Evetta Reed

VOID IN EXCESS OF $1000.00

Location: 8394 Lindell Boulevard

U.S. Bank National Association
Minneapolis, MN 55480

Purchaser, by signing, you agree to the service charge and other terms on the reverse side.

NAME Tomio Robinson
ADDRESS 13919 Washington

0215  5679

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

In:
Evette Reed, et al,                          )
   Debtor(s)                                )        Case No.: 14-44818-705
                                                   )        Chapter 13
                                                   )
                                                   )
                                                   )
                                                   )
                                                   )

## AFFIDAVIT OF ROSS H. BRIGGS IN COMPLIANCE WITH ORDER ON MOTION TO COMPEL

Comes Now Ross H. Briggs, Attorney At Law, and upon his oath states, and in compliance with this Court's Order On Motion To Compel:

1. This Affidavit in prepared based upon the guidance provided by this Court from the bench at the January 13, 2015 hearing on the Trustees' Motion To Compel and in anticipation of a written Order to issue on said motion. However, at the time of the preparation of this Affidavit on January 19, 2015, no written Order is available on the motion of the Trustees.

2. Since the hearing on the Trustees' motion on January 13, 2015, I have succeeded in contacting the debtors in the following cases: In re Evette Reed, Case Number 14-44818-705; In re Pauline Brady, Case Number, 14-44909-705; In re Lawanda Long, Case Number 14-45773-705; In re Marshall Beard, Case Number, 14-43751-705. Each of these debtors have executed, or have promised to execute, a statement in sufficient time to allow for the production of such statements to the Trustees by noon on January 20, 2015. Several of the debtors have requested additional time to supplement their production to the Trustees with a notarized affidavit which they could not obtain by noon of January 20. Such notarized affidavits will be forwarded to the Trustees upon receipt.

3. In the above statements, the debtors have set forth their personal knowledge regarding to whom they paid fees in retaining Attorney James Robinson as their bankruptcy counsel, and where such fees were held and disbursed after remittance. Debtors have also provided to the Trustees the receipts and Retainer Agreements which memorialize the retention of Mr. Robinson with the exception that Debtor Lawanda Long, after review of her file and documents, cannot presently locate her Retainer Agreement with Mr. Robinson. Debtor continues her search and, in the event this document is located, such document will be provided the Trustees.

4. Since the hearing of January 13, 2015, I have been unable to contact Debtor Jovon Stewart in In re Jovon Stewart, Case Number, 14-43912-705. I request additional time to produce debtor's statement and documents to the Trustees upon debtor's response to my phone call or correspondence.

5.  Because I do not represent the debtors in In re Nina Logan, Case Number 14-44329-705 and In re Darrell and Jocelyn Moore, Case Number 14-44434-705, I have not attempted to directly communicate with said debtors. However, as I advised the Court on January 13, I continue to retain a Personal Money Order payable to Darrell and Jocelyn Moore which Mr. Robinson delivered to my office in December, 2015. Other than advising the Court of the existence of the money order, I have taken no further action since I am not legal counsel for the debtors. I await further guidance from the Court regarding whether said funds should be turned over to the Trustee, to Mr. Robinson or some other person. I have provided a copy of the above money order to the Trustees. Copies of other money orders refunded to various debtors are attached to the Trustees' Motion To Compel.

6.  My personal knowledge regarding to whom debtors paid fees for the legal services of Mr. Robinson, and the subsequent holding and disbursement of such funds, is limited to the information contained in the statements and documents provided by debtors to the Trustees and the Statement of Affairs filed by debtor with this Court.

7.  I have not received nor shared, and will not accept, in any of the fees paid by debtors for the legal services of Mr. Robinson. My legal representation of debtors has been pro bono and rendered free of charge to debtors.

8.  I represent my own clients out of my own law office located at 4144 Lindell Blvd, suite 202, St Louis MO 63108. I have no knowledge, access or control concerning any check, ledger, bank account or account statement of Mr. Robinson or Critique Services as it relates to these debtors or as requested by this Court. I do not know where the fees paid by debtor were held, deposited or to whom they were disbursed. My communications with Mr. Robinson concerning the above debtors have been limited to assisting in the completion legal representation of the debtors in their Chapter 7 bankruptcies after Mr. Robinson's suspension and complying with the Orders of this Court as entered in their cases.

**FURTHER AFFIANT SAYETH NOT:**

/s/ _____

Ross H. Briggs

Subscribed and sworn to before me this _20th_ day of _January_, 2014.5

/s/ _____

Notary Public

My Commission Expires: _January 31st_, 20 _17_ .

J. RACHFORD
Notary Public-Notary Seal
State of Missouri, St Louis County
Commission # 13729617
My Commission Expires Jan 31, 2017

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

In:
Evette Reed, et al                           )
    Debtor(s)                        )         Case No.: 14-44818-705
                                     )         Chapter 13
                                     )
                                     )
                                     )
                                     )
                                     )

## SUPPLEMENTAL AFFIDAVIT OF ROSS H. BRIGGS IN COMPLIANCE WITH ORDER ON MOTION TO COMPEL

Comes Now Ross H. Briggs , and upon his oath states:

1. I am Debtor's Attorney for Debtors Angelique Shields, Jovon Stewart, Marshall Beard, Pauline Brady, Evette Reed and Lawanda Long.

2. Between 1:30 and 2:00 pm on January 30, 2015, I conveyed by email to Trustee Sosne a Retainer Agreement dated 4/10/14, and a Retainer Agreement dated 6/14/14 which appeared to contain the signature of Jovon Stewart. In addition, I conveyed a Receipt dated 4/10/14 which identified "Jovon Stewart" and a cash payment of $300. These documents were contained in the file previously provided to me by James Robinson. In addition, in the same transmission, I emailed to Trustee Sosne an Affidavit, Retainer Agreement and Amended Retainer Agreement executed by Debtor Angelique Shields.

3. Shortly after the conveyance of the above documents to Trustee Sosne, Debtor Jovon Stewart provided a notarized Affidavit authenticating the above documents. I emailed a copy of the Affidavit to Trustee Sosne on or about 2:10 pm, January 30, 2015.

3. At approximately 1:30 pm, January 30, 2015, I emailed a notarized Affidavit of Debtor Evette Reed to Trustee Albin.

4. I did not convey the above documents to the Trustees by noon on January 30 because my email, telephones and fax machine was not operational due to a service interruption by Charter Communications to the office building (4144 Lindell Blvd) in which I maintain an office. I provided the above documents to the Trustees as soon as as my email and internet service became available.

3. I have requested Debtors Angelique Shields, Jovon Stewart, Marshall Beard, Pauline Brady, Evette Reed and Lawanda Long to review their documents at home for any documents requested by the Trustees or this Court and to provide such documents to me by the deadline imposed by the Court. I have conveyed to the Trustees any such document as provided to me by debtors or as contained in their file that were responsive to the above requests. In the event Debtors produce any

additional documents after the submission of this Affidavit, I will convey such documents to the relevant Chapter 7 Trustee.

**FURTHER AFFIANT SAYETH NOT.**

Dated: January 30, 2015

Ross H. Briggs

Subscribed and sworn to before me this _____ day of January, 2015.

Notary Public

My Commission Expires:   01/31/17

> J. RACHFORD
> Notary Public-Notary Seal
> State of Missouri, St Louis County
> Commission # 13729617
> My Commission Expires Jan 31, 2017

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

RECEIVED + FILED

2015 JAN 20  PM 4: 11

CLERK, US BANKRUPTCY COURT
EASTERN DISTRICT
ST LOUIS, MISSOURI-C

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Evette Nicole Reed, | § | Case No. 14-44818-705 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| Pauline A. Brady, | § | Case No. 14-44909-705 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| Lawanda Lanae Long, | § | Case No. 14-45773-705 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| Marshall Beard, | § | Case No. 14-43751-705 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| Darrell Moore, | § | Case No. 14-44434-705 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| Nina Lynne Logan, | § | Case No. 14-44329-705 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| Jovon Neosha Stewart, | § | Case No. 14-43912-705 |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| Angelique Renee Shields, | § | Case No. 14-43914-705 |
| | § | |
| Debtor. | § | |

## AFFIDAVIT IN RESPONSE TO MOTION TO COMPEL

Come Now James C. Robinson, Attorney at Law, and upon his oath states the following:

1. I, James C. Robinson, have transmitted the Licensing Agreement between myself and Critique Services LLC to each Trustee.
2. For the following Debtor's attorney fees were paid cash, receipted and turned over to me.
3. Attorney fees were not held, attorney fees were not deposited in any accounts, attorney fees were not shared.
4. Attorney fees were spent prior to the filing of the case.

**FURTHER AFFIANT SAYETH NOT:**

James C, Robinson

Subscribed and sworn to before me this  20  day of  January 2015

Notary Public

My Commission Expires:    5    3 0    . 20 16

```
LARRY JACKSON
Notary Public - Notary Seal
STATE OF MISSOURI
St Louis County
My Commission Expires. May 30, 2016
Commission # 12348263
```



**_Ross H. Briggs_**                                         **_Attorney at Law_**

4144 Lindell Blvd. # 202
St. Louis, MO 63108
(Ph.) 314-652-8922
(Fax ) 314-652-8202

1/24/15

James Robinson
3919 Washington
St louis MO 63108

Critique Services, LLC
c/o Lawrence Mass, Esq
230 S. Bemiston, suite 1200
Clayton MO 63105

RE: In re Evette Redd, Case Number 14-44818
    In Re Pauline Brady, Case Number 14-44909
    In Re Lawanda long, Case Number 14-45773
    In re Marshall Beard, Case Number 14-43751
    In re Jovon Stewart, Case Number 14-43912
    In re Angelique Shields, Case number, 14-43914

Dear Gentlemen:

In compliance with the Order Granting Motion To Compel Turnover, dated January 24, 2015, and on behalf of the above referenced Debtors, I hereby request that you produce all documents encompassed within the above Order to the Trustees by January 30, 2015 at 12:00PM (Central) as required by the Order of the Court.

If you have any questions, I may be reached at 314-852-8293.

Sincerely,

Ross H. Briggs
Attorney for above Debtors