IN THE UNITED STATES BANKRUPTCY COURT RECEIVED + FILED
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION                           2015 JUL 13 PM 1: 16

| | | |
|---|---|---|
| In re: | ) | Judge Charles E. Rendlen, III |
| | ) | Chapter 7 |
| EVETTE NICOLE REED, | ) | Main Cause # 14-45773 |
| Debtor. | ) | Case No. 14-44818-705 |
| | ) | |
| In re: | ) | |
| PAULINE A. BRADY, | ) | |
| Debtor. | ) | Case No. 14-44909-705 |
| | ) | |
| In re: | ) | |
| LAWANDA LANAE LONG, | ) | |
| Debtor. | ) | Case No. 14-45773-705 |
| | ) | |
| In re: | ) | |
| MARSHALL LOUIS BEARD, | ) | |
| Debtor. | ) | Case No. 14-42751-705 |
| | ) | |
| In re: | ) | |
| DARRELL MOORE and | ) | |
| JOCELYN ANTOINETTE MOORE, | ) | |
| Debtors. | ) | Case No. 14-44434-705 |
| | ) | |
| In re: | ) | |
| NINA LYNNE LOGAN, | ) | |
| Debtor. | ) | Case No. 14-44329-705 |
| | ) | |
| In re: | ) | |
| JOVON NEOSHA STEWART, | ) | |
| Debtor. | ) | Case No. 14-43912-705 |
| | ) | |
| In re: | ) | |
| ANGELIQUE RENEE SHIELDS, | ) | |
| Debtor. | ) | Case No. 14-43914-705 |

1

# ATTORNEY JAMES C. ROBINSON RESPONSE AND MOVES TO SETASIDE NOTICE AND DEADLINE ORDER (Docket #80 Entered July 6, 2015)

**COMES NOW**, Respondent, James C. Robinson, in response to Notice and Deadline Order to compel documentation and information surrounding attorney fees, does not waive any Objections previously filed and moves to Set Aside said Order as follows:

## BACKGROUND

On June 10, 2014, Attorney James C. Robinson, was suspended by Judge Charles E. Rendlen, III from the privilege of being able to earn a living, practicing before the U.S. Bankruptcy Court for the Eastern District of Missouri, as a Bankruptcy attorney in Memorandum and Order (as amended) entered in *In re Latoya Steward*, Case No. 13-46399-705. After the year suspension ended this Court in *In re Latoya Steward*, Case No. 13-46399-705 on June 15, 2015 entered an Order continuing the suspension of Attorney C. Robinson. Currently, the suspension remains while an appeal is pending in the U. S. Court of Appeals.

Due to Respondent's suspension Attorney Briggs, on June 25, 2014, was ordered by this court to file an affidavit, in Court, to the amount of fees refunded by Mr. Robinson to each Debtor. The June 25, 2014 Order to Mr. Briggs was to inquire of Mr. Robinson had he remitted any attorney fees he owed Debtors. This Order to Mr. Briggs was without a hearing to determine whether or not Mr. Robinson had owed any attorney fees that were part of the Estate of a Debtor as excessive then unearned; prior to the filing of their petitions for relief in Bankruptcy.

Respondent (Mr. Robinson) in response to the Order directed to Mr. Briggs, dated June 25, 2014, stated to Mr. Briggs, I did not owe any fees. They were all earned (which were not unreasonable, not excessive, and not part any of Debtor's estate prior to the filing of their petitions for relief in Bankruptcy). At this time Respondent had no knowledge of who the fees where owed to and how much. There was not an Order directing payment of fees from Respondent until November 26, 2014 amended December 2, 2014 and subsequently amended December 10, 2014.

In response by this Court, on November 26, 2014, on its own initiative, issued a Show Cause Order in case number In re: Reed, et al 14-44818-705, Document #18, directing (1) James Robinson to show cause as to why his fees should not be disgorged under § 329(b) and (2) ordering the Chapter 7 Trustees to COLLECT the fees as unearned and provide information related to fees. Again, on December 2, 2014, Document #17, the Court issued an amended Show Cause Order in this matter to disgorge fees and seeking information related to those fees by the U. S. Trustees. All of the Orders ordered the Trustees to COLLECT under Rule 2017 the fees and why monetary sanctions should not be imposed.

On December 10, 2014 (Case Number 14-45773, Document #26) Respondent filed a petition for Recusal of Judge Rendlen, III in this matter. In response, the same day, on December 10, 2014 (Document #28), the Judge in this matter issued an amended Show Cause Order for Trustees to COLLECT the unearned fees and now why MONETARY and NON MONETARY sanctions should not be imposed for not returning fees unlawfully held. The next day, on December 11, 2014, in Document #27 Respondent's motion for Recusal of the Judge in this matter was denied.

On December 6, 2014, in a timely manner, in dispute, Respondent, under protest, to avoid litigation in this matter remitted all of the attorney fees to all Debtors as Judge Rendlen, III ordered (all the Debtors who received the fees are listed in the caption).

On December 12, 2014, the Chapter 7 Trustees in this matter filed a motion seeking to Compelling Turn-Over of documentation and information surrounding the attorney fees unlawfully held. Respondent, in a timely manner replied fully in responds to the Trustees' request (this is further evidenced by Docket #67-1). Thereafter, on January 2, 2015, Respondent timely filed objections and motion to dismiss as moot since the fees had been returned and had fully responded to Trustees' request.

All Respondent's objections and motions were denied.

On January 13, 2015, the Court held a hearing on the Trustees' Motion to Compel Turnover despite Respondent's objections. The Trustees' Motion was granted on January 23, 2015 (See Docket #52). Following the January 13, 2015 Order, in good faith, Respondent replied to Attorney Brigg's compliance request.

On February 4, 2015, the Court held a Status Conference in this matter. Respondent did not appear.

The January 23, 2015 Order (Docket #52) is the subject of this Notice and Deadlines as to why monetary and non-monetary sanctions pursuant to 11 U.S.C. § 105 should not be imposed by this Court. In that Respondent has refused to respond to Trustees' Motion for Turnover and failing to timely return unearned fees.

## ARGUMENT

In the case at bar, this Court noted in its' Order Striking the Memorandum as to the February 4, 2015 Status Conference (which the Court has now labeled as a "Hearing" in Docket #78, entered on May 15, 2015), stated "The issue presented by the Show Cause Orders is whether Robinson should be sanctioned for failing to timely return unearned fees that were property of the estate..."

To avoid litigation on this issue, before the last amended Show Cause Order dated December 10, 2015 directing the Trustees to COLLECT; on December 6, 2015 all the fees where timely remitted under protest. Despite this fact, the court will deem it proper to sanction Respondent for failing to timely return unearned fees that were property of the estate. The Respondent has always maintained that the fees were earned prior to Respondent's suspension, and filing of Debtor's petition for relief.

This is evidenced by the receipt dates of attorney Robinson's engagements to Debtors filed by Attorney Briggs in his compliance to Trustees' Motion to Compel Turnover (See Docket entry #67).

3

During the time of engagement, prior to Respondent's suspension, Robinson provided to each Debtor analysis of their financial situations and rendered advice in determining relief. Credit reports were issued to each Debtor. Prepared and filed Bankruptcy petitions for five (5) Debtors (evidenced by Court records), three (3) Debtors Attorney Briggs had to complete and file. No attorney fees here transferred, funneled or fungible to Mr. Briggs. No additional attorney fees were ever requested at any time from Debtors.

In this case, all Respondent's clients were serviced in a competent manner. The fees were not unreasonable, disclosed and thus, not excessive. Said fees were earned in a competent manner and not part of the Debtor estate upon the commencement date of Debtor's filed petition for relief. Pre-petition non-excessive fees not held or on hand, prior to the filing of Debtor's petition for relief are not part of the Debtor's estate. The Debtor's estate includes. *"all legal or equitable interests of the debtor in property as of the commencement of the case,"* 11 U.S.C. *§541 (a) (1) emphasis added).*

Even where fees were given by Debtor to Respondent in anticipation of Respondent filing a petition for three (3) Debtors but did not due to suspension, is not unearned. As in this case, Respondent placed the Debtor's in a position to receive their discharge in a competent manner (See *Rittenhouse v Eisen, 404 F3d 3a5, 6th Cir. 2005.*).

Therefore the fees in question were not excessive and earned.

To date no Debtor had ever demanded any return of their attorney fee. Only this Court on its own initiative pursuant to 11 U. S. C. *§ 329 (b) and Rule 2017* Ordered the Trustees to COLLECT the fees prior to any hearing mandated by law. Under 11 U. S. C. *§ 329 (b) and Rule 2017* there is no power provided to this Court or granted in its' discretionary power to Order the trustees to COLLECT under Rule 2017 prior to a notice and hearing.

Federal Bankruptcy Rule 2017 Examination of Debtor's Transactions with Debtor's Attorney

> (a) PAYMENT OR TRANSFER TO ATTORNEY BEFORE ORDER FOR RELIEF. On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.
>
> (b) PAYMENT OR TRANSFER TO ATTORNEY AFTER ORDER FOR RELIEF. On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefore is for services in any way related to the case.

The word COLLECT is not written or implied in the meaning of the Federal Rules Of Bankruptcy Procedure Rule 2017 or 11 U. S. C. *§* 329 (b)

Ordering the trustees to COLLECT implies the Respondent, to any reasonable prudent person, the fees were owed. Thus, a foregone conclusion and an established fact that the fees must be COLLECTED. Which the Court in this matter invited the Trustees to come in to do, on December 3, 2014 (See Docket #15). To further persuade the necessary and needed participation of the Trustees, on December 2, 2014 in the Show Cause Order, the Court stated, "The <u>fact</u> that Mr. Robinson apparently has not returned <u>any unearned fees</u> raises the concern of whether there has been attempted impropriety in these cases…" A reasonable person would view this comment and action as bias to support an unfounded and predetermined allegation that cannot be reversed in a subsequent hearing.

4

Further, on December 10. 2014 Show Cause Order, the Court stated, "The Court is concerned that this forum and these cases <u>have been used as a vehicle for improperly</u> retaining property of the estate – that Mr. Robinson kept his unearned fees, assuming the Court would not notice and <u>the Chapter 7 Trustees would not care</u>". The Trustees then there after filed a Motion to Compel against Respondent on December 15, 2014 on this matter in Document #30, to COLLECT as Ordered. This Court had already determined from the tone of these Orders that the fees were owed absent a hearing under Rule 2017 for excessiveness. This is an abuse of discretion and an appealable error. *(See Walton, 223 F. 3d at 863 Snyder v Dewoskin (In re Mahendra), 131 F. 3d 375; 757. (8th Cir 1997)*

Even more so , for this Court to exam the payment of attorney fees to Respondent there must have been an <u>entry of an Order for relief to</u> each Debtor, Rule 2017 states, "after entry of an order for relief" All the cases in this matter are still open and void to entry of any Order declaring excessiveness. There has been to date no entry of an Order for relief in these voluntary petitions for relief for excessiveness. The test is excessiveness not unearned. This court has misplaced the procedural due process of law, its' excessive first then unearned for fees after the commencement of a filed petition by the Debtor *(See In re Homer G Walters U. S. court of appeals 87-1114 (1989)*. Bankruptcy Rule 2017 implements § 329 payments to attorney after the commencing of a case for excessiveness. Then after notice and a hearing Rule 2017 provides for the examination of those fees as to how much is part of the Debtor's estate. The Show Cause Orders here fail to demonstrate or even mention that the attorney fees received or services rendered where excessive after the commencement of case. Only that the fees were unearned after the commencement due to Respondent's suspension thus unearned. Again the Court has misplaced the procedural law. This Court cannot implement Rule 2017 for unearned fees if not excessive by Law. Therefore, these entire proceedings are void for lack of procedural due process, jurisdiction, mootness and subject matter as to enforcement of Bankruptcy Rule 2017 and § 329. The Show Cause Orders and the Trustees Motion to Compel are invalid and void of enforcement as fruits of a poison tree.

This action is further mooted by this Court's own action. On June 15, 2015 this Court mooted the Motion To Compel Turnover (Docket #52) in its' Order continuing the suspension of Robinson stating "In the, In re Reed, et al. cases it has been established that Robinson improperly kept unearned client fees for months following his suspension, kept no records about those debtors and their fees, and personally pocketed the fees upon collection prior to the fees being earned"… In re Reed et al. is now the cases at bar.

<u>Respondent is citing the findings not for the truth of the matter</u> but for the fact that the Court has already ruled and established findings as to the Motion to Compel Turnover (Docket #52) in order to continue the suspension of Robinson. Ironically, the Court now directs Respondent to undue these findings and given seven days from the Notice and Deadline Order to do so ,or face even more sanctions under 11 U.S. C. § 105 (a). This is an abuse of discretion an appealable error. *(See Walton, 223 F. 3d at 863 Snyder v Dewoskin (In re Mahendra), 131 F. 3d 375; 757. (8th Cir 1997)*. This abuse of discretion further subjects Respondent to double jeopardy for Civil Contempt. Respondent has already been held in civil competent

by the punitive nature of extending the suspension of Respondent after serving an entire year. The impact of In re: Reed the case at bar, has shackled Respondent with an open end suspension and denied the right to earn a living; is excessive in violation of the 8th amendment. (This is a Forfeiture of Respondent's right to earn a living as a Bankruptcy attorney for many past years). In re: Reed and In re: Steward, case #11-46399, Respondent's suspension **can only be lifted by sole discretion** of Judge Rendlen, III which is clearly futile.

In that Respondent, in good faith, has remitted all earned attorney fees in a timely manner when ordered, and in good faith fully responded to the Trustees' Motion to Compel Turnover for documentation and information surrounding those fees, so why the Notice and Deadline Order.

This Court has already established in this case there are no records and has provided Respondent notice that no records exist. Therefore there is no information surrounding no records. The Order of Notice and Deadline lacks proper notice and directives to Respondent since no records exist. It is unclear when the Court at what stage of these proceeding made the findings that no records exist to its satisfaction. It appears this determination was made at or after the status conference that was held on February 4, 2015. This Court, now under the same set of facts, in the same case, desires to further sanction Respondent in the same cause of action for monetary and non-monetary sanction, for refusing and failure to comply can only result in double jeopardy punishment.

The Motion to Compel Turnover, the Order of Notice and Deadline are no longer live controversies, where mooted by this Court on June 15, 2015. To proceed further subjects Respondent to double jeopardy of law in violates Respondent's six amendment rights.

## LEGAL STANDARD

Article III of the Constitution permits federal courts to adjudicate only actual cases or controversies. *Louis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). This means litigants must suffer, or be threatened with, an actual injury traceable to the defendant's actions, and that the federal court must be able to grant effectual relief. *See id.* This case-or-controversy requirement must be satisfied at every stage of judicial proceedings. *Id.* If it is not, the federal court lacks the power to adjudicate the case and must dismiss for lack of subject matter jurisdiction. *E.g., Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).* Respondent has returned all the fees as directed to avoid litigation eliminating any live case or controversy.

The Constitution confines the judicial power to actual cases or controversies. *See* U.S. Const. art. III § The Supreme Court has explained that the "triad of injury in fact, causation, and redress ability constitutes the core of Article III's case-or-controversy requirement." A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979).

The double jeopardy clause of the 6th Amendment of the U. S. Constitution prohibits a person from being punished twice for the same offense. The Supreme Court's interpretation of the Constitution, that a civil sanction can be so punitive in nature that it implicates the double jeopardy clause. (See United States v. Halper) 490 U.S. 435 1989 and Austin v. U. S. 113 S.ct.2801 (1993).

In Halper, Justice Blackman declared that a civil sanction can constitute punishment within the meaning of the double jeopardy clause if, in the individual case, the sanction serves the goals of punishment. The Halper, court concluded that if a civil sanction does not serve a remedial purpose, but relates to retributive or deterrent goals, it can only be characterized as punitive and cannot be imposed if the defendant has previously been punished for the same offense.

In the case at bar Respondent has been punished by the opened ended extension of the suspension and threatened with monetary and again with non-monetary sanctions.

This Court, now under the same set of facts, in the same case, desires to further sanction Respondent in the same cause of action for monetary and non-monetary sanction, can only result in double jeopardy punishment. There is nothing remedial about denying Respondent the Constitutional right to earn a living. Further, the Court's extension of Respondent's open ended suspension is an excessive forfeiture of Respondent's right to earn a living in violation of the 8th Amendment.

## CONCLUSION

For the reasons stated above, this Cause should be Set Aside for lack of subject matter jurisdiction, mootness, denial of Rule 2017 for procedural Due Process, double jeopardy and a violation of Respondent's right to earn a living as excessive under the 8th Amendment.

Respectfully submitted,

/S/ *James C. Robinson*
James C. Robinson #30969
Attorney at Law
3919 Washington Ave.
St. Louis Mo. 63108
Cell # (314) 922-7451
Office (314) 533-4357
Fax (314) 533-4356

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via first class, United States mail, postage paid and/or electronic notice on this _13_ day of July, 2015 to:

STEWART, MITTLEMAN, HEGGIE & HENRY

By: /s/ Seth A. Albin
Seth A. Albin – EDMO #46483MO
222 South Central Avenue, Suite 501
St. Louis, Missouri 63105
Phone: (314) 863-8484
Fax: (314) 863-5312
E-mail: albintrustee@smhhlaw.com
*Chapter 7 Trustee for Debtor Evette Nicole Reed*

SUMMERS COMPTON WELLS LLC

By: /s/ David A. Sosne
David A. Sosne – EDMO #28365MO
8909 Ladue Road
St. Louis, Missouri 63124
Phone: (314) 991-4999
Fax: (314) 991-2413
E-mail: dsosne@scwh.com
*Chapter 7 Trustee for Debtors Lawanda Lanae Long, Jovon Neosha Stewart, and Angelique Renee Shields*

CONWELL LAW FIRM LLC

By: /s/ Kristin J. Conwell
Kristin J. Conwell – EDMO #58735MO
P.O. Box 56550
St. Louis, Missouri 63156
Phone: (314) 652-1120
Fax: (314) 802-7822
E-mail: kconwell@conwelllawfirm.com
*Chapter 7 Trustee for Debtors Darrell Moore And Jocelyn Antoinette Moore*

STONE, LEYTON & GERSHMAN
A Professional Corporation

By: /s/ E. Rebecca Case
E. Rebecca Case – EDMO #38010MO
7733 Forsyth Boulevard, Suite 500
St. Louis, Missouri 63105
Phone: (314) 721-7011
Fax: (314) 721-8660
chapter7trustee@stoneleyton.com
*Chapter 7 Trustee for Debtor Pauline A. Brady*

BLACKWELL AND ASSOCIATES

By: /s/ Robert J. Blackwell
Robert J. Blackwell – EDMO #23179MO
P.O. Box 310
O'Fallon, Missouri 63366-0310
Phone: (636) 240-3632
Fax: (636) 240-6803
E-mail: rblackwell@blackwell-lawfirm.com
*Chapter 7 Trustee for Debtor Marshall Louis Beard*

O'LOUGHLIN, O'LOUGHLIN et al

By: /s/ Tom K. O'Loughlin
Tom K. O'Loughlin – EDMO #24611MO
1736 N. Kingshighway
Cape Girardeau, Missouri 63701
Phone: (573) 334-9104
Fax: (573) 344-5256
E-mail: tomo@oloughlinlawfirm.com
*Chapter 7 Trustee for Debtor Nina Lynne Logan*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via first class, United States mail, postage paid and/or electronic notice on this __13__ day of July, 2015 to:

1. Ross H. Briggs
   Post Office Box 58628
   St. Louis, Missouri 63158

2. Critique Legal Services
   3919 Washington Boulevard
   St. Louis, Missouri 63108

3. Office of the United States Trustee
   Thomas F. Eagleton Courthouse
   111 South Tenth Street, Suite 6353
   St. Louis, Missouri 63102

4. Evette Nicole Reed                    Debtor
   2816 Burd Avenue
   St. Louis, Missouri 63120

5. Pauline A. Brady                      Debtor
   1732 Delrosa Way
   St. Louis, Missouri 63138

6. Lawanda Lanae Long                    Debtor
   2136 E. Alice, 1st Floor
   St. Louis, Missouri 63107

7. Marshall Louis Beard                  Debtor
   224 Country Shire Drive
   St. Louis, Missouri 63367

8. Darrell Moore                         Debtor
   230 N. Schlueter Avenue
   St. Louis, Missouri 63135

9. Jocelyn Antoinette Moore              Debtor
   230 N. Schlueter Avenue
   St. Louis, Missouri 63135

10. Nina Lynne Logan                     Debtor
    308 Chalmette Drive
    Hazelwood, Missouri 63042

11. Jovon Neosha Stewart                 Debtor
    4335 Norfold
    St. Louis, Missouri 63110

9