IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| In re: ) | |
|---|---|
| Evette Nicole Reed, Debtor, | Case No. 14-44818-705 |
| In re: Pauline A. Brady, Debtor, | Case No. 14-44909-705 |
| In re: Lawanda Lanae Long, Debtor, | Case No. 14-45773-705 |
| In re: Marshall Beard, Debtor, | Case No. 14-43751-705 |
| In re: Darrrell Moore, Debtor, | Case No. 14-44434-705 |
| In re: Nina Lynne Logan, Debtor, | Case No. 14-44329-705 |
| In re: Jovon Neosha Stewart, Debtor. | Case No. 14-43912-705 |
| In re: Angelique Renee Shields, Debtor. | Case No. 14-43914-705 |

## BRIEF OF RESPONDENT ROSS H. BRIGGS

### Statement of Compliance

There is no basis for imposing sanctions upon Respondent Ross H. Briggs inasmuch as Respondent Briggs has complied with this Court's Order of January 23, 2015. After personally meeting with each of the following Debtors on one or more occasions, and after review of the documents in the custody of Respondent Briggs and the Debtor, the following documents were conveyed to the assigned Chapter 7 Trustee on or before January 30, 2015 and are now contained in the court file. (Because Respondent Briggs has never represented the Debtors in *In re Darrell Moore*, Case No. 14-44434-705 and *In re Nina Lynne Logan*, Case No. 14-44329, no documents were sought or obtained from these parties).

1. *In re Evette Nicole Reed***,** Case No. 14-44818-705**:** Respondent has produced a February 10, 2014 Retainer Agreement executed by Debtor Reed to retain the legal services of Respondent James Robinson; a receipt, dated February 10, 2014, memorializing the cash payment of $299 to retain the legal services of Respondent Robinson; and, a January 20, 2015 Affidavit of Debtor Evette Reed which authenticated the foregoing documents and which further averred that debtor had no knowledge about where her cash payment was held, deposited or disbursed and further averred that debtor had no knowledge or access to the checks, accounts or ledgers of Respondent Robinson or Critique Services.

2. *In re Pauline A. Brady***,** Case No. 14-44909-705**:** Respondent has produced a December 3, 2013 Retainer Agreement executed by Debtor Brady to retain the legal services of Respondent Robinson; a receipt , dated December 3, 2013,

> memorializing the cash payment of $349 to retain the legal services of Respondent Robinson; a note, signed by Debtor's husband informing Respondent Robinson that the husband did not want to file bankruptcy; and a statement of Debtor Brady which authenticated the foregoing documents and which further averred that debtor had no knowledge about where her cash payment was held, deposited or disbursed and further averred that debtor had no knowledge or access to the checks, accounts or ledgers of Respondent Robinson or Critique Services.

3. ***In re Lawanda Lanae Long***, Case No. 14-45773-705: Respondent has produced a receipt, dated September 9, 2013 memorializing the cash payment of $299 to retain the legal services of Respondent Robinson; and an Affidavit dated January 19, 2015 which authenticated the foregoing document and which further averred that debtor had no knowledge about where her cash payment was held, deposited or disbursed and further averred that debtor had no knowledge or access to the checks, accounts or ledgers of Respondent Robinson or Critique Services.

4. ***In re Marshall Beard***, Case No. 14-43751-705: Respondent has produced a February 25, 2014 Retainer Agreement executed by Debtor Beard to retain the legal services of Respondent James Robinson; a receipt, dated February 25, 2014, memorializing the cash payment of $299 to retain the legal services of Respondent Robinson; and, a January 19, 2015 Affidavit of Debtor Marshall Beard which authenticated the foregoing documents and which further averred that debtor had no knowledge about where her cash payment was held, deposited or disbursed and further averred that debtor had no knowledge or access to the checks, accounts or ledgers of Respondent Robinson or Critique Services.

3

5. *In re Angelique Renee Shields*, Case No. 14-43914-705: Respondent has produced a March 5, 2014 Retainer Agreement executed by Debtor Reed to retain the legal services of Respondent James Robinson; a receipt, dated March 5, 2014, memorializing the cash payment of $300 to retain the legal services of Respondent Robinson; and, a January, 2015 Statement of Angelique Shields which authenticated the foregoing documents, which explained that $1 of the $300 payment was allocated for Debtor's filing fee and which further averred that debtor had no knowledge about where her cash payment was held, deposited or disbursed and that debtor had no knowledge or access to the checks, accounts or ledgers of Respondent Robinson or Critique Services.

6. *In re Jovon Stewart*, Case No. 14-43912-705: Respondent has produced an April 10, 2014 Retainer Agreement executed by Debtor Stewart to retain the legal services of Respondent James Robinson; a receipt, dated April 10, 2015, memorializing the cash payment of $299 to retain the legal services of Respondent Robinson; and, a January 30, 2015 Affidavit of Debtor Stewart which authenticated the foregoing documents and which further averred that debtor had no knowledge about where his cash payment was held, deposited or disbursed and further averred that debtor had no knowledge or access to the checks, accounts or ledgers of Respondent Robinson or Critique Services .

**ARGUMENT**

I

The July 6, 2015 Order to Show Cause (the "July 2015 Show Cause Order"), states that the Court's January 23, 2015 Order compels "Respondents," thereafter defined collectively as "James Robinson, Respondent Briggs, and Robinson's Affiliated firm, Critique Services, L.L.C.," to turn over documents and information. (July 2015 Show Cause Order, Doc 80, p. 2). The Order states that "Respondents have failed to comply with the Order Compelling Turnover." (Id.). The Respondents are presumably in possession of different documents and they have different duties with respect to the documents. For example, neither Debtors nor Respondent Briggs have custody, control, or possession of Robinson's trust account records and bank records. See Supplemental Affidavit of Respondent Briggs and Affidavits and Statement of Debtors. Respondent Briggs has produced the documents in his possession that are responsive, and he has obtained the documents from his clients that are responsive.

II

As this Court has noted, the November 26, 2014 Show Cause Order, the December 2, 2014 Show Cause Order, and the December 10, 2014 Order (collectively "the 2014 Show Cause Orders") are directed to Respondent Robinson, not to Respondent Briggs.[1] The January 23, 2015 Order ruling on the Trustee's Motion to Compel, is the first Order directed to Respondent Briggs. This Order concerns the production of information and documents.

---

[1] "As shown by the plain language of the Show Cause Orders, Mr. Briggs and Critique Legal Services are not Respondents in the Show Cause orders." (Order, 1/9/15, DOC 39, p. 9).

5

The Trustees sought the turnover of information and documents pursuant to 11 U.S.C.§329(b), Rule 2017, 11 U.S.C.§542(e), and 11 U.S.C.§105(a).

11 U.S.C.§542(e) provides that a bankruptcy court may "order an attorney,…, that holds information, including books, documents, records and papers, relating to the debtor's property or financial affairs" to turn over the documents.  Respondent Briggs has turned over information in his possession, custody and control sought by the Trustees.  He dos not "hold" records of Respondent Robinson's trust account or bank accounts.

11 U.S.C.§329(b) and Rule 2017(a) authorize the Court to determine whether a debtor's attorneys' fees have been excessive and to order the return of any excessive fees. Neither the statute nor the rule provides a procedure for such a matter.[2]

11 U.S.C.§105(a) does not authorize a bankruptcy court to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.  *In re Kalikow*, 602 F.3d 82, 96-7 (2d Cir. 2010).  Section 105(a) confers on the bankruptcy court only a limited equitable power, that being "the power to exercise equity in carrying out the *provisions* of the Bankruptcy Code, rather than to further the purposes of the Code generally, or otherwise to do the right thing." *Id*. at 97. (internal quotation marks omitted).  Section 105(a) does not confer upon federal courts the authority to create new substantive rights and remedies for bankruptcy litigants not delineated elsewhere in the Bankruptcy Code.

---

[2] Presumably no procedure is required because the Court is presumed to be an expert in determining the reasonableness of attorneys' fees in matters before it*.   Spirtas Co. v*. *Insurance Co*, 555 F3d 647,654 (8th Cir. 2009).  Once the Court has determined that amount of the fee charged by the attorney, the Court can simply determine whether some, or all, the fee should be returned.

It is against this statutory backdrop that Respondent Briggs' conduct must be considered. Initially, as this Court has noted, excessive attorney fees paid pre-petition are encompassed within the bankruptcy estate. 11 USC Section 329(b)(1)(A). Until abandonment, the Trustee has the exclusive authority to hold and pursue assets of the bankruptcy estate and to seek to avoid any tranfers as authorized by law. See, 11 USC Sections 541-547. Because the Trustees did not abandon their interest in the Debtors' attorney fees until December, 2014, see attached Affidavit of Respondent Ross Briggs, Debtors had no standing to pursue any excessive fee that might have been paid by Debtors to Respondent Robinson. When there existed no standing, Respondent Briggs had no authority to file any adversary proceeding, serve a subpoena, etc…to secure the return of attorney fees; that power rested exclusively with the Trustee.

Secondly, Debtor's counsel may not take any action to pursue the interests of the debtor absent the authority of the debtor. ***In re Ms. Interpret***, 222 BR 409, 415 (Bankr. SD NY 1998). Thus, although this Court raised the issue of the excessive fees paid to Respondent Robinson in various Orders some time ago, none of the Debtors herein directed or authorized Respondent Briggs to seek the return of such fees. While debtors were willing to receive the refund of fees when offered by Respondent Robinson, none of the Debtors directed or authorized Respondent Briggs to take adverse action in regard to Respondent Robinson to secure the return of excessively-paid fees. Absent such authority, Respondent Briggs was not permitted to act.

III

In any event, there no longer exists a case or controversy pursuant to 11 USC Section 329 regarding the payment of excessive fees since Respondent Robinson has refunded *all* of the attorney's fees paid by Debtors. The issue that remains—this Court has noted- is whether the retention of the fess prior to refund "violated the rules of professional conduct…" Order of January 23, 2015 at 7.

While always an important matter, issues regarding attorney compliance with the Rules of Professional Conduct implicate non-core issues that extend beyond the statutory and constitutional authority of this Court to issue a final Order.. *In re Sheridan*, 362 F.3d 96 (1st Cir. 2014). Respondent Briggs does not consent to the authority of this Court to issue a final ruling on its Order of July 6, 2015. Pursuant to Article III of the United States Constitution, and the guidance provided by the United States Supreme Court in *Stern v. Marshall*, 564 U.S. __, 131 S. Ct.2594 (2011) and *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. __, 134 S. Ct. 2165 (2014), Respondent Briggs respectfully prays for a *de novo* hearing before the District Court on all matters raised in the July 6, 2015 Order.

Finally, the Court has repeatedly expressed its view the Respondent Briggs only agreed to represent Respondent Robinson's clients *pro bono* after this Court entered orders determining that Respondent Briggs was required to represent Robinson's clients on a *pro bono* basis.  This finding is incorrect and without factual support.

Respondent Robinson was suspended on June 10, 2014.  Shortly thereafter, Respondent Briggs agreed to represent many of Robinson's Chapter 7 clients and agreed that all representation of such Chapter 7 clients would be without charge.  (Briggs

8

Affidavit, Exhibit 3).  The vast majority of this pro bono representation was initiated well before any rulings of this Court on the topic.  For example, on June 16, 2014, Respondent Briggs filed a Motion for Protective Order in the case of *In re Galbreath*, Case No. 14-44814-659, disclosing the *pro bono* representation in that case and requesting the guidance of Judge Surratt-States regarding how such representation could proceed consistent with the ruling of this Court suspending Respondent Robinson.  This motion was filed only after Respondent Briggs shared the fact of his pro bono representation with the office of the United States Trustee and after seeking guidance from that office. Briggs Affidavit at 3.  This motion was filed before the June 25, 2014 ruling of this Court .

Similarly, Respondent Briggs represented many of Respondent Robinson's chapter 7 clients before Judges Schermer and Surratt-States.  In each instance, Respondent Briggs represented these Chapter 7 debtors without charge and filed attorney disclosure statements to that effect.  Neither Judge Schermer nor Judge Surratt-States filed any orders in any of these cases which "required" Respondent Briggs to enter his appearance on behalf of these debtors for free.  Instead, as the record reflects, Respondent Briggs volunteered his services pro bono to assist numerous Chapter 7 debtors who were at risk of failing their cases.

For the foregoing reasons, this Court should withdraw its Order of July 6, 2015 or transfer this matter to the United States District Court for further proceedings.

Respectfully submitted,

*/s/Ross Briggs #2709  #31633*
Ross Briggs
Attorney At Law
4144 Lindell Ste 202
St Louis MO 63108
314-652-8922 Fax: 314-652-8202

9

r-briggs@sbcglobal.net

### CERTIFICATE OF SERVICE:

By my signature above it is certified that a copy of the above was electronically filed by using the CM/ECF system the Clerk of the Bankruptcy Court for the Eastern District of Missouri and Trustees Seth A. Albin, E. Rebecca Case, David A. Sosne, Robert J. Blackwell, Kristin J. Conwell and Tom K. O'Loughlin on this 13th day of July, 2015.


/s/ Ross H. Briggs