# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | § | |
| Evette Nicole Reed, | § | Case No. 14-44818-705 |
| Debtor. | § | |
| In re: | § | |
| Pauline A. Brady, | § | Case No. 14-44909-705 |
| Debtor. | § | |
| In re: | § | |
| Lawanda Lanae Long, | § | Case No. 14-45773-705 |
| Debtor. | § | |
| In re: | § | |
| Marshall Beard, | § | Case No. 14-43751-705 |
| Debtor. | § | |
| In re: | § | |
| Darrell Moore, | § | Case No. 14-44434-705 |
| Debtor. | § | |
| In re: | § | |
| Nina Lynne Logan, | § | Case No. 14-44329-705 |
| Debtor. | § | |
| In re: | § | |
| Jovon Neosha Stewart, | § | Case No. 14-43912-705 |
| Debtor. | § | |
| In re: | § | |
| Angelique Renee Shields, | § | Case No. 14-43914-705 |
| Debtor. | § | |

**ORDER DENYING THE REQUEST TO "WITHDRAW" THE JULY 6, 2015
NOTICE AND DEADLINE ISSUED BY THE COURT, OR TO "TRANSFER"
THE MATTER FOR A HEARING BEFORE THE U.S. DISTRICT COURT**

On December 12, 2014, the chapter 7 trustees (the "Trustees") in the above-referenced cases (the "Cases") filed a Motion to Compel Turnover [Docket No. 30][1]. They sought turnover of certain documents and information necessary to comply with the Court's directive to them to account for property of the estate in the form of any unearned attorney's fees collected by James C. Robinson, the now-suspended former attorney of the debtors (collectively, the "Debtors") in these Cases. On January 13, 2015, the Court held a hearing on the Motion to Compel Turnover. On January 23, 2015, the Court entered an Order Compelling Turnover [Docket No. 52], compelling Robinson, attorney Ross Briggs (who now serves as counsel for six of the eight Debtors), and Critique Services L.L.C., Robinson's "firm" (collectively, the "Respondents") to turn over the requested documents and information. On February 4, 2015, the Court held a status conference regarding the compliance of the Respondents with the Order Compelling Turnover. At the status conference, it was established that the Respondents failed to comply with the Order Compelling Turnover. On July 6, 2015, the Court issued a Notice and Deadline [Docket No. 80], in which it gave notice to the Respondents that it was considering sanctions and/or other action for their non-compliance and gave the Respondents seven days to comply in full with the Order Compelling Turnover. On July 13, 2015, Briggs filed a Response [Docket No. 85], which included a request "for a de novo hearing before the [U.S.] District Court on all matters raised in the July 6, 2015 Order." In the prayer paragraph, Briggs asks that the Court "withdraw its Order of July 6, 2015 or transfer this matter to the [U.S.] District Court for further proceedings." The Court denied this request for the reasons that follow.

---

[1] The Cases are not jointly administered or substantively consolidated. Unless otherwise indicated, docket entry citations in this Order are to the indicated docket number of the first-captioned Case, *In re Reed*. The Court will not indicate the docket number where said order was entered in each of the remaining seven Cases. Unless otherwise indicated, each order was entered in each Case.

First, this Court does not have the authority to "transfer" a matter for hearing before the U.S. District Court, as Briggs requests. This Court is an arm of the U.S. District Court. The automatic referral is *from* the U.S. District Court *to* this Court; it doesn't run the other way. If Briggs believes that it is proper for the U.S. District Court to withdraw its automatic reference and hear these eight Cases, he is free to seek such withdrawal from the U.S. District Court. Or, he may, of course, appeal a final order when one is entered. But he cannot obtain a backdoor "reverse reference" in the form of a "transfer" back to the U.S. District Court that this Court does not have the authority to make.

Second, Briggs misstates the issues raised in the Notice and Deadline. The issue is not whether Robinson and Briggs have committed "professional misconduct" as attorneys. The issues are whether the Respondents have willfully and without excuse refused to comply with the Order Compelling Turnover and, if so, whether sanctions or other directives imposed by this Court are proper in light of such refusal. While an attorney who commits contempt of court may be subject to discipline for professional misconduct, that does not strip the Court of the authority to sanction for contempt or refusal to comply with Court orders or to enforce its own orders; nor does it make the issue of whether sanctions are proper "non-core."

Third, Briggs challenges the Court's subject matter jurisdiction over the issues raised in the Notice and Deadline. Briggs states that he "does not consent to the authority of this Court to issue a final ruling on" the issues raised in the Notice and Deadline, arguing that the Court does not have subject matter jurisdiction under *Stern v. Marshall*, 134 S.Ct. 2594 (2011). Briggs's reliance on *Stern v. Marshall* is misplaced. *Stern v. Marshall* holds that, as a matter of constitutional law, the bankruptcy court lacks the authority to enter a final judgment on a compulsory state law counterclaim that does not arise under Title 11 or in a case under Title 11, even though such authority is expressed codified at 28 U.S.C § 157(b)(2)(C). The issue of whether sanctions for the refusal to comply with bankruptcy court order is not a state counterclaim. It is a matter than arises under Title 11 and the inherent power of the Court to enforce its own

orders. *Stern v. Marshall* does not strip the Court from its authority to sanction for refusal to comply with its orders, and the Court does not need Briggs's "consent" to exercise its jurisdiction over the issues set forth in the Notice and Deadline.

Accordingly, the Court **ORDERS** that the request, as made to this Court in the Response, for a directive that the U.S. District Court hold a hearing on the issue of whether the Respondents should be sanctioned, be **DENIED**. The Response is otherwise preserved.

DATED: July 14, 2015
St. Louis, Missouri 63102
mtc

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

**COPY MAILED TO:**

**Ross H. Briggs**
Post Office Box 58628
St. Louis, MO 63158

**James Clifton Robinson**
Critique Services
3919 Washington Blvd.
St. Louis, MO 63108

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102

**Robert J. Blackwell**
Blackwell and Associates (trustee)
P.O. Box 310
O'Fallon, MO 63366-0310

**David A. Sosne**
Summers Compton Wells LLC
8909 Ladue Rd.
St. Louis, MO 63124

**Tom K. O'Loughlin**
O'Loughlin, O'Loughlin et al.
1736 N. Kingshighway
Cape Girardeau, MO 63701

**Kristin J Conwell**
Conwell Law Firm LLC
PO Box 56550
St. Louis, MO 63156

**Seth A Albin**
Albin Law
7710 Carondelet Avenue
Suite 405
St. Louis, MO 63105

**E. Rebecca Case**
7733 Forsyth Blvd.
Suite 500
Saint Louis, MO 63105

**Laurence Mass**
230 S Bemiston Ave Suite
1200 Clayton, MO 63105