**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | § | |
| Evette Nicole Reed, | § | Case No. 14-44818-705 |
| Debtor. | § | |
| In re: | § | |
| Pauline A. Brady, | § | Case No. 14-44909-705 |
| Debtor. | § | |
| In re: | § | |
| Lawanda Lanae Long, | § | Case No. 14-45773-705 |
| Debtor. | § | |
| In re: | § | |
| Marshall Beard, | § | Case No. 14-43751-705 |
| Debtor. | § | |
| In re: | § | |
| Darrell Moore, | § | Case No. 14-44434-705 |
| Debtor. | § | |
| In re: | § | |
| Nina Lynne Logan, | § | Case No. 14-44329-705 |
| Debtor. | § | |
| In re: | § | |
| Jovon Neosha Stewart, | § | Case No. 14-43912-705 |
| Debtor. | § | |
| In re: | § | |
| Angelique Renee Shields, | § | Case No. 14-43914-705 |
| Debtor. | § | |

1

**NOTICE REGARDING THE COURT'S INTENT TO IMPOSE SANCTIONS,
ISSUE DIRECTIVES, AND/OR MAKE DISCIPLINARY REFERRALS RELATED
TO BRIGGS'S REPRESENTATIONS REGARDING HIS RELATIONSHIP
WITH CRITIQUE SERVICES L.L.C. AND BEVERLY HOLMES DILTZ,
AND DEADLINE TO RESPOND AND SHOW CAUSE**

On December 12, 2014, the chapter 7 trustees (the "Trustees") in the above-referenced cases (the "Cases") filed a Motion to Compel Turnover [Docket No. 30][1]. They sought turnover of documents and information necessary for them to comply with the directive [Docket Nos. 19, 21 & 27] that they account to the Court for property of the estate in the form of any unearned attorney's fees collected by James C. Robinson, the now-suspended former attorney of the debtors in the Cases (collectively, the "Debtors"). Turnover was sought from Robinson, "Critique Services," and Ross Briggs, the attorney who took over representation of six of the eight Debtors shortly after Robinson's suspension.

On January 13, 2015, the Court held a hearing on the Motion to Compel Turnover, at which Robinson and Briggs appeared, each representing himself. At that hearing, it was established that compelling turnover was proper. On January 23, 2015, the Court entered an Order Compelling Turnover [Docket No. 52], directing Briggs, Robinson and Critique Services L.L.C. (Robinson's "firm") (collectively, the "Respondents") to turn over the documents and information. On February 4, 2015, the Court held a status conference regarding the compliance of the Respondents with the Order Compelling Turnover, at which Robinson and Briggs, each representing himself, and Critique Services L.L.C., represented through counsel, appeared. It was established that the Respondents failed to comply with the Order Compelling Turnover.

During these two proceedings, Briggs insisted to the Court that he is not affiliated with Critique Services L.L.C. and is not in the "inner sanctum" of power

---

[1] The Cases are not jointly administered or substantively consolidated. Unless otherwise indicated, docket entry citations in this Order are to the indicated docket number of the first-captioned Case, *In re Reed*. The Court will not indicate the docket number where said order was entered in each of the remaining seven Cases. Unless otherwise indicated, each order was entered in each Case.

2

at Critique Services L.L.C. When asked to name the non-attorney staff persons working at the office of the Critique Services business, Briggs did not deny knowing such people; he just insisted that he has "no formal relationship" with the business. That is, he tried to avoid responding by suggesting that he could not answer because he is not currently in a "formal relationship" with Critique Services L.L.C. However, the question was not posed to Briggs as an agent of the Critique Services L.L.C. or in some capacity created by a "formal relationship"; the question was asked to him in his personal capacity and as an officer of the court. (Later, it came out that, not only did Briggs know the first names of two of the non-attorney staff persons—Charlotte and Bay—but he could describe them in physical detail.) Briggs also claimed that he could not name the owner of Critique Services L.L.C.

Briggs's Sergeant Schultz [2] performance of ignorance was uncomical, unconvincing, and highly suspicious, given that:

- Briggs's formal and informal affiliation with Beverly Holmes Diltz, the organizer and owner of Critique Services L.L.C.,[3] and her various "Critique"-named businesses, goes back more than a decade.
- Briggs is a former employee of one of the "Critique"-named businesses owned by Diltz,[4] and previously had "Critique Services" registered with the Missouri Secretary of State as his d/b/a.
- Briggs, Diltz and her business were co-defendants in a suit brought by the United States Trustee for unlawful business practices.
- When Briggs took over representation of six of the Debtors from Robinson (a Critique Services L.L.C.-affiliated attorney), Briggs attempted to assist Robinson in end-running his suspension. Briggs filed Notices of Appearance and Bankruptcy Rule 2016(b) Disclosures of Attorney

---

[2] "I know *nothing*!" – Master Sergeant Schultz, "Hogan's Heroes."

[3] Critique Services L.L.C. has represented in these Cases that its sole owner is Beverly Holmes Diltz.

[4] *Briggs v. LaBarge (In re Phillips)*, 433 F.3d 1068, 1070 (8th Cir. 2006).

3

      Compensation, in which he represented that Robinson would serve as Briggs's "co-counsel" in "joint representation" of the clients, and that they would fee-share in the attorney's fees that had been paid to Robinson. Of course, Robinson was suspended, as Briggs well-knew, and therefore could not practice in any capacity, including as Briggs's co-counsel, in any matter before the Court. (The Court ordered Briggs's documents be stricken and denied, deemed Briggs to have agreed to represent the clients for free, and directed Briggs to file non-false Notices of Appearance and Bankruptcy Rule 2016(b) Statements,[5] which Briggs later did.)

- Currently, Briggs's office street address, as listed with the U.S. District Court, is 4144 Lindell, St. Louis, Missouri—the same street address listed by Critique Services L.L.C. in its Articles of Organization filed with the Missouri Secretary of State.
- Currently, Briggs appears on occasion for clients of Critique Services L.L.C.-affiliated attorneys at § 341 meetings.
- As recently as May 11, 2015, Briggs filed documents with the Court in which he represents that he does business as "Critique Services."

      On July 6, 2015, the Court issued a Notice and Deadline [Docket No. 80], in which it gave notice to the Respondents that it was considering sanctions and/or other directives or actions for their non-compliance with the Order Compelling Turnover, and gave the Respondents seven days to comply with the Order Compelling Turnover or to file responses. It also directed that each of the Trustees file an affidavit attesting to any turnover that had been received since February 4, 2015, and to any additional facts that bear on the issue of compliance with the Order Compelling Turnover or the representations made to the Court on January 13, 2015 and February 4, 2015.

      On July 13, 2015, each of the Respondents filed a response to the Notice and Deadline [Docket Nos. 82, 83 & 85]. On July 16 and 17, 2015, each of the

---

[5] *In re Tamika Ecole Henry, et al.* (Lead Case No. 14-44922) [Docket No. 8].

4

Trustees, except one, filed an affidavit. Each responding Trustee indicated that no further turnover had been made.

In addition, in one of the affidavits, the attesting Trustee attached photographs and a receipt [Docket No. 96], and included the following attestation: Shortly after the January 13 hearing ended, the Trustee entered a restaurant and came upon Briggs and a woman sitting together, conversing. (Being a comparatively new chapter 7 trustee, this Trustee apparently did not recognize the woman with Briggs). The Trustee heard remarks (at least one of which was vulgar) that indicated that Briggs and his companion were discussing the hearing that had just ended. The Trustee took photographs of Briggs and his companion and made notes of what she witnessed. She also retained her time-stamped meal receipt. She later provided the photographs to another of the Trustees, who identified the woman with Briggs as Diltz. The other Trustee filed an affidavit [Docket No. 95] attesting to her identification of Diltz.

As such, it appears that, after Briggs repeatedly insisted to the Court that he is outside the power circle at Critique Services L.L.C. and is far removed from the goings-on of the business—so much so that he cannot answer basic questions or seek documents and information on behalf of his clients—he rushed off from the January 13 hearing to a tête à tête with none other than Diltz.

Briggs's representations on January 13 and February 4 struck the Court, at the time they were made, as evasive and disingenuous. Briggs appeared focused on creating the impression of great distance between himself and Critique Services L.L.C. and Diltz, rather than on assisting his clients by obtaining the documents and information so that the matters could move forward and his clients' Cases could be closed. Now, by way of his fortuitous choice of a public dining establishment, Briggs appears to have self-proved the dishonesty of which he was suspected.

Briggs's insistence he is not in the "inner sanctum" of power at Critique Services L.L.C. appears to be a false narrative, as Briggs apparently reported to the owner of Critique Services L.L.C. within an hour of a hearing involving the business's interests. Briggs's claim that he cannot identify who owns Critique

5

Services L.LC. appears to be equally lacking in credibility, as he lunched with the owner of Critique Services L.L.C. immediately after a hearing affecting her business. Briggs's entire presentation to the Court regarding his relationship with Critique Services L.L.C. and Diltz seems to be bastardization of *Ipse se nihil scire id unum sciat* [6]: "I know *that I want you to believe* that I know nothing."

The Court hereby gives **NOTICE** to Briggs that it is considering imposing sanctions, issuing directives, and/or making referrals to the proper authorities to address his apparently false or misleading representations to the Court regarding his relationship with Critique Services L.L.C. and Diltz. Briggs may file a response to this Notice by July 31, 2015. If Briggs responds by agreeing to certain terms, as set forth herein, the Court will assume that Briggs realizes the gravity of his actions, and in recognition of such realization, will not impose additional sanctions against him, issue additional directives related to him, or make a referral to the Missouri Supreme Court's Office of Chief Disciplinary Counsel (the "OCDC") or the U.S. District Court for possible disciplinary actions or proceedings.

Briggs must agree to:

(i)  a six-month voluntary suspension from the privilege of practicing before this Court in any capacity, to begin on August 12, 2015. This suspension would be construed in the broadest possible terms, and would include, but not be limited to, suspension from: (a) serving (whether for compensation or without charge) as counsel to, co-counsel to, or in "joint representation of" any other person (whether natural or artificial) in any matter (regardless of case any chapter, or whether brought in a main case or in an adversary proceeding) filed in or anticipated to be filed in this Court; (b) advertising or representing to anyone that he can provide services in a case filed in or anticipated to be filed in this Court, (c) preparing any document to be filed in this Court or

---

[6] The Socratic Paradox, commonly translated as, "I know that I know nothing." Briggs's version presents such no profundity, but only the intent to deceive.

6

>> ghost-writing any document anticipated to be filed in this Court; and (d) in any other way practicing before this Court through "a backdoor" or "behind the scenes";[7]
>
> (ii) attend ten hours of continuing legal education in ethics and provide the Court with proof of such attendance;
>
> (iii) never again conduct any business with Diltz, with any current or former employee or independent contractor of Diltz, or with any business that Diltz owns, is employed by, controls, or is affiliated with (whether through employment, independent contracting, referrals, fee-sharing, or in any other form, whether formal or informal), related to any matter that is filed or is anticipated to be filed with this Court;
>
> (iv) never again appear at a § 341 meeting on behalf of any client of any business of Diltz or of any attorney associated with, employed by, or in any way affiliated with (whether formally or informally) Diltz or any business of Diltz; and
>
> (v) never again accept referrals from, serve as "co-counsel" with, provide joint representation with, or in any way do business with Robinson, related to any matter filed in or anticipated to be filed in this Court.

Briggs is not obligated to agree to these terms. He is free to decline to agree to them. He is free to decline to respond to this Notice. He is free to respond in whatever way he believes best advocates for his interests. If he believes that sanctions, directives, or referrals are not proper, he should use his response as an opportunity to explain why there is no cause for such an order. The Court will carefully consider whatever response he may file. However, if the Court determines that sanctions, directives and/or referrals are proper, the Court will not be limited to the terms outlined above. Any sanctions, directives and/or

---

[7] This suspension would not prohibit Briggs from representing himself in any proceeding or matter before this Court.

7

referrals may include the above terms, additional terms, or different terms.

| | |
|---|---|
| DATED: July 22, 2015<br>St. Louis, Missouri 63102<br>mtc | CHARLES E. RENDLEN, III<br>U.S. Bankruptcy Judge |

**COPY MAILED TO:**

**Ross H. Briggs**
Post Office Box 58628
St. Louis, MO 63158

**James Clifton Robinson**
Critique Services
3919 Washington Blvd.
St. Louis, MO 63108

**Office of US Trustee**
111 S Tenth St, Ste 6.353
St. Louis, MO 63102

**Robert J. Blackwell**
Blackwell and Associates (trustee)
P.O. Box 310
O'Fallon, MO 63366-0310

**David A. Sosne**
Summers Compton Wells LLC
8909 Ladue Rd.
St. Louis, MO 63124

**Tom K. O'Loughlin**
O'Loughlin, O'Loughlin et al.
1736 N. Kingshighway
Cape Girardeau, MO 63701

**Kristin J Conwell**
Conwell Law Firm LLC
PO Box 56550
St. Louis, MO 63156

8

**Seth A Albin**
Albin Law
7710 Carondelet Avenue
Suite 405
St. Louis, MO 63105

**E. Rebecca Case**
7733 Forsyth Blvd.
Suite 500
Saint Louis, MO 63105

**Beverly Holmes Diltz And Critique Services L.L.C**
Through their counsel, Laurence Mass
230 S Bemiston Ave Suite
1200 Clayton, MO 63105

9