IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re<br><br>Evette Nicole Reed, Debtor, | Case No. 14-44818-705 |
| In re:<br><br>Pauline A. Brady, Debtor, | Case No. 14-44909-705 |
| In re:<br><br>Lawanda Lanae Long, Debtor, | Case No. 14-45773-705 |
| In re:<br><br>Marshall Beard, Debtor, | Case No. 14-43751-705 |
| In re:<br><br>Darrell Moore, Debtor, | Case No. 14-44434-705 |
| In re:<br><br>Nina Lynne Logan, Debtor, | Case No. 14-44329-705 |
| In re:<br><br>Jovon Neosha Stewart, Debtor. | Case No. 14-43912-705 |
| In re:<br><br>Angelique Renee Shields, Debtor. | Case No. 14-43914-705 |

**RESPONSE OF RESPONDENT ROSS H. BRIGGS**

Respondent submits that there is no basis for imposing any sanction upon Respondent.

I.

The "Owner of Critique"

As Respondent understands this Court's Order, one of the bases for the proposed six-month suspension is "Briggs's claim that he cannot identify who owns Critique Services, LLC…." (July 22, 2015 Order, DOC 102, pp. 5-6).[1]  Respondent Briggs never made such a "claim" or representation.

The following exchange occurred between the Court and Respondent Briggs:

The Court:  So who does have the information and access of Critique?

Respondent:  Probably who owns and controls it. Not me.

The Court:   Who is that to your knowledge on the record?

Respondent:  Missouri Secretary of State has a document –

The Court:   No, no, no.  Who –

Respondent:  I know –

The Court:  Who is it –

Respondent:  Mr. Robinson may well be.  It may – it may be Beverly Dilz [sic].   It may --- but –

The Court:  What do you mean maybe?

Respondent:  That's what the Missouri Secretary of State says.  I assume it's correct.

---

[1] For convenience, citations are made to the record of *In re Evette Nicole Reed*, Case No. 14-44818, unless otherwise indicated.

2

(Exhibit A, Partial Transcript, January 13, 2015, pp. 44-5).

To the extent that the Court's question regarding "Critique" was directed at Critique Services, LLC, Respondent accurately represented the owner as Beverly Diltz; to the extent that the Court's question pertained to the attorney doing business as "Critique Services," Respondent accurately identified the owner as Respondent James Robinson.

Public filings demonstrate the accuracy of Respondent Briggs' statement. More specifically, the Missouri Secretary of State reflects the incorporation of Critique Services, LLC, on August 9, 2002. (Exhibit B). The organizer and registered agent was "Beverly Holmes." On February 4, 2015, Larry Mass, counsel for Critique Services, LLC, also represented to this Court that Beverly Holmes-Diltz is the owner of Critique Services, LLC. (Exhibit C, Partial Transcript, February 4, 2015, p. 33). The agreement between Critique Services, LLC and Respondent James Robinson, which was apparently provided to Trustee Sosne on January 29, 2015, identifies Beverly Holmes Diltz as the owner of Critique Services, LLC. (Exhibit D).[2] And finally, the Settlement Agreement and Consent Order filed with Judge Kathy Surratt-States in *In re: David Hardge*, Case No. 05-43244, further identifies Beverly Holmes Diltz as the "sole member" of Critique Services, LLC. (Exhibit E). In contrast, Respondent Robinson registered the fictitious name of "Critique Services" on May 10, 2005, (Exhibit F), and filed each of the petitions before the Court as "James C. Robinson, d/b/a Critique Services."

---

[2] Critique Services, LLC's Response to the Turnover Directive Dated January 23, 2015, states that "Critique Services, LLC has only one contract that reflects or identifies an arrangement between it and Mr. Robinson from the date of the first payment of a fee by any of the above-named debtors to the present. It has no such contract with Mr. Briggs. … Critique Services, LLC has sent a copy of the one contract that it has to Trustee Sosne." (Doc. 57, p. 2, ¶5). Trustee Sosne acknowledged that he had a copy of this agreement. (Exhibit C, Transcript, February 4, 2015, p. 3). This agreement was filed with the Court by Critique Services, LLC, on July 13, 2015. (DOC. 82).

The relationship between Critique Services, LLC and Respondent James Robinson d/b/a Critique Services as it relates to these Chapter 7 debtors is set forth in greater detail in Exhibit D.  Most important, however, the document reveals that Respondent Briggs was not a party to the agreement and had no formal relationship with either Critique Services, LLC or Attorney James Robinson in regard to these cases.

II.

Respondent's Compliance with the Court's Bench Directives of January 13, 2015

No one appeared on behalf of Respondent Critique Services, LLC on January 13, 2015.  (Mr. Mass entered his appearance on January 29, 2015).  At this hearing, Trustee Sosne, the spokesperson for the Chapter 7 Trustees, expressed his view, that Respondent Briggs, as Debtor's counsel, had the responsibility and obligation to obtain the information sought, including making inquiry with the co-respondents. (Exhibit A, Partial Transcript, 1/13/15, at p. 41).  He stated, "[a]nd I would ask that each of them do it … in a collaborative fashion, and identify … what they know and what they don't know."   (Id. at p. 42).

Later, the following colloquy occurred between Trustee Sosne and the Court:

> Trustee Sosne:  What did you know and when did you know it? Who said that? But the issue is very, is very simple.  I think we're overcomplicating it.  He can make his reasonable due diligence.  He can make his inquiry, and let him provide us with those answers.  The same is true of Mr. Robinson.
>
> He can – he can—if he has that information, he should know that information since he was intimately involved, then he should also provide the information.  That's what we're requesting.
>
> The Court:  And he should go and get it if he doesn't know it.  Is that what you saying?
>
> Trustee Sosne:  Excuse me?

4

> The Court: He should go get it if he doesn't have it. Is that what you saying?
>
> Trustee Sosne: Unless for some reason somebody stonewalls him.[3]

(Exhibit A, Partial Transcript, 1/13/15, p. 48). At the conclusion of the January 13, 2015 hearing, the Court advised that it would issue an order in two days and require compliance with the Court's directives by noon on the following Tuesday. (Id. at 84).

Before the conclusion of the hearing of January 13, 2015, at this Court's insistence, Respondent informed and promised this Court that he would make additional inquiry with Critique Services, LLC regarding any outstanding documents. (Id. at 51). The record reflects:

> Respondent Briggs: I will ask for documents. I will ask for documents just as the Court has. If I receive them, I will produce them to the trustee. If I don't receive them, I will report to the trustee and the Court as to what response I have. … I have no special access to ledgers, client accounts. I don't have any access to it. If Critique wants to give it to me, I'm happy to produce it to the Court and to the trustee. I will make the same request Your Honor has. I will report back to as to what the nature of that response is.

(Id. at 51-2).

Accordingly, immediately upon the conclusion of the hearing of January 13, Respondent Briggs contacted Beverly Diltz, the owner of Critique Services, LLC – and the very person earlier identified by Respondent Briggs to the Court – to schedule a meeting to discuss the imminent court order and the short time period for production of the outstanding documents.[4] Consistent with the urgency conveyed by the Court at the

---

[3] Indeed, in its subsequent order of January 23, 2015, the Court also stated that Respondent Briggs "must make a good faith effort to obtain those requested documents and information," and "[t]o do so, he may have to inquire of Critique Services, LLC." (Order, 1/23/15, DOC 52, p. 21).

[4] Respondent Briggs strongly objects to any inference that this meeting in a public place was clandestine or arranged for an improper purpose. Rather, the meeting was arranged because this Court instructed Respondent Briggs to carry out such an inquiry. It would

5

hearing, Respondent Briggs met with Ms. Diltz within hours of the conclusion of the hearing. At this meeting, Respondent Briggs encouraged Ms. Diltz, as owner of Critique Services, LLC, to produce any responsive documents that it might have in its possession.

Indeed it appears that his meeting with Ms. Diltz facilitated the production of information and documents. On January 29, 2015, Larry Mass appeared for Critique Services, LLC, and simultaneously provided the information and documents in his client's possession requested by the Trustees.

Respondent Briggs made other efforts to comply with the Court's oral directives. On January 24, 2015, (prior to the time that Mr. Mass entered his appearance for Critique Services, LLC), Respondent wrote to Critique Services, LLC, and Respondent James Robinson requesting that they produce documents requested by the Trustees by January 30, 2015. (DOC. 54). Once Critique Services, LLC was represented by counsel before the Court on January 29, 2015, any purported obligation that Respondent Briggs, as debtor's counsel, had to obtain information and documents from Critique Services, LLC was subordinate to Mr. Mass' obligation (which he has apparently fulfilled), to provide information and documents on behalf of his client, Critique Services, LLC. Moreover, as the Court is aware, Respondent Briggs contacted each of his clients and obtained additional information regarding the payment of fees. (See, Brief of Respondent Ross H. Briggs directed to the July 6, 2015 Order to Show Cause, DOC. 85, pp. 2-4). Respondent was encouraged to contact his clients for this information by Trustee Sosne and the Court. (Exh. A, Partial Transcript, 1/13/15, pp. 47-8).

---

be most inequitable to sanction an attorney for acting in compliance with, and in reliance upon, the specific instructions of this Court.

6

III

Summary and Conclusion

The record does not support the proposed findings of the show cause order of this Court. Other than as recruited *pro bono* counsel, there was no evidence of a prior affiliation or relationship between Respondent Briggs and James Robinson and/or Critique Services, LLC as it relates to Debtors, Evette Nicole Reed, Pauline A. Brady, Lawanda Lanae Long, Marshall Beard, Jovon Neosha Stewart, or Angelique Renee Shields. And, as demonstrated, Respondent Briggs did not claim that he did not know the owner of Critique Services, LLC; Respondent instead informed the Court of the owner of said entity. Respondent has been entirely truthful to this Court.

Finally, the proposed suspension of Respondent implicates non-core matters that exceed the statutory and constitutional power of this Court to enter a final order. *In re Sheridan*, 362 F.3d 96 (1st Cir. 2014). Respondent Briggs does not consent to the authority of this Court to enter a final order on the Orders of July 6, 2015 and July 22, 2015. Pursuant to Article III of the United States Constitution, and the guidance provided by the United States Supreme Court in *Stern v. Marshall*, 564 U.S. __, 131 S. Ct. 2594 (2011) and *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. __, 134 S.Ct. 2165 (2014), Respondent requests a *de novo* hearing before the District Court on all matters raised by the Court's Orders of July 6, 2015 and July 22, 2015. Finally, Respondent requests that this Court refer the matter to the District Court for proceedings under Local Rule 83 of the United States District Court for the Eastern District of Missouri for consideration of discipline, if any, to be administered upon Respondent Briggs.

Respectfully submitted,

*/s/Ross Briggs #2709  #31633*
Ross Briggs
Attorney At Law
4144 Lindell Ste 202
St Louis MO 63108
314-652-8922 Fax: 314-652-8202
r-briggs@sbcglobal.net

**CERTIFICATE OF SERVICE:**

By my signature above it is certified that a copy of the above was electronically filed by using the CM/ECF system the Clerk of the Bankruptcy Court for the Eastern District of Missouri and Trustees Seth A. Albin, E. Rebecca Case, David A. Sosne, Robert J. Blackwell, Kristin J. Conwell and Tom K. O'Loughlin on this 31st day of July, 2015.

/s/ Ross H. Briggs